SHERROD v. INSURANCE ASSOCIATION.

(Filed September 26, 1905).

*Insurance—By-Laws—Notices of Assessments—Presumptions—Evidence.*

1. A by-law of the defendant company which provided that any member failing to pay his assessment within sixty days from date of notice (which date shall be the day of mailing said notice), shall forfeit all rights in the company, is subject to rebuttal on the part of the plaintiff by showing nonreceipt of notice, the defendant having properly postpaid and addressed the same.

2. All contracts and by-laws of an incorporated society are made with reference to the general law, and they must conform to certain general requirements in respect to vested personal and property rights of members.

ACTION by J. T. Sherrod against Farmers' Mutual Fire Insurance Association, to recover loss on policy of fire insurance, heard on appeal from a justice's court by *Judge W. B. Councill* and a jury, at March Term, 1905, of the Superior

Court of MARTIN County.   From a judgment in favor of the plaintiff, the defendant appealed.

*T. T. Thorne* for the plaintiff.
*Harry W. Stubbs* for the defendant.

BROWN, J.   The only question presented is whether section 3, article 4, of the by-laws of the defendant company is subject to rebuttal on the part of the plaintiff by showing non-receipt of notice—the defendant having properly postpaid and addressed the same.   The by-law is as follows: "Any member failing to pay his assessment within sixty days from date of notice (which date shall be the day of mailing said notice), shall forfeit all rights, claims and privileges in this association, and his policy shall by such failure be cancelled without any further notice."

The defendant introduced evidence tending to prove that it was its custom to notify members of assessments in case of loss, by written notice dropped in the postoffice, when an assessment had been called—the witness stating that he sent out about 200 notices at the time the plaintiff is alleged to have failed to pay his assessments and that several of these notices came back through the dead letter office for misdirection in the address; that he could not say certainly that he ever mailed notice to the plaintiff, or that if mailed, it might have been one of those misdirected; that he was only swearing by his "system," and he believed he sent the notice because there was a check mark opposite the plaintiff's name on his books; that the plaintiff's name was still on his books, and the only thing to indicate that he was not in good standing in the defendant's company were the words "not paid" opposite his name.   The plaintiff testified in his own behalf that he had never received any notice from the company of any assessment against him.

The court instructed the jury that proof of the mailing

SHERROD *v*. INSURANCE ASSOCIATION.

of the notice "properly addressed and postpaid, raised a presumption that the notice was received by the plaintiff, but that is only a presumption of fact and could be rebutted, and that it was for the jury to find whether such notice was in fact properly addressed and mailed; if so then the presumption was that plaintiff received it, and unless he rebuts this presumption by showing that he did not receive the notice, the plaintiff could not recover." The defendant excepted to this instruction.

All contracts and by-laws of an incorporated society are made with reference to the general law, and they must conform to certain general requirements in respect to vested personal and property rights of members. 16 Am. & Eng. Enc., (1st Ed.), pages 41-42, and cases cited. Where an insurance company determines to cancel a risk, the insured is entitled to reasonable notice. *Ins. Co. v. Brooks*, 83 Md., 22. The instructions of the court to which the defendant excepts are correct and are fully sustained by the authorities. If the insurer sends the notice by mail properly addressed and stamped, the law presumes the addressee received it. The presumption may be rebutted, as appears to have been done in this case. *Rosenthal v. Walker*, 111 U. S., 185; Lawson on Presumptive Ev., 69; 19 Am. & Eng. Enc. (1st Ed.), pages 80-81, and cases cited.

Affirmed.