19885

JAMES JOYNER, Respondent, v. ST. MATTHEWS BUILDERS
et al., Appellants

(208 S. E. (2d) 48)

*John G. Fielder, Esq.,* of St. Matthews, *for Appellant,*

*Messrs. Marchant, Bristow & Bates,* of Columbia, *for Appellant, Keels Engineering Co.*

*Messrs. Ball & Moseley,* of Columbia, *for Respondent,*

Aug. 29, 1974.

BUSSEY, Justice:

This is an action for trespass upon and damages to real property owned by James Joyner, Jr., named in the caption of the case as simply James Joyner. Upon trial the jury returned a verdict against all three defendants for actual damages in the amount of $3,500.00; and against two defendants for punitive damages in the amount of $15,500.00. Only

the defendant St. Matthews Builders appeals, the defendant Keels having made a settlement with the plaintiff after trial and the defendant Town and County Builders being in default and insolvent. Apparently St. Matthews Builders is in fact simply one William P. Dent doing business under that name.

The plaintiff James Joyner, Jr. is the owner of an approximately two acre tract of vacant land in Calhoun County which fronts to the northwest on South Carolina Highway S-9-36. He acquired such by deed dated July 9, 1969 paying therefor the sum of $400.00. His deed called for highway frontage of 105 feet and a depth of 420 feet. The parties apparently intended a depth of 835 feet and by a second deed dated August 30, 1969 such dimension of the property was so corrected.

The defendant Dent was engaged in the business, inter alia, of developing low cost housing subdivisions in rural areas under a Federally financed program. He had a contractual arrangement with the defendant Town and County Builders under which the latter concern built houses upon lots subdivided by Dent and sold by Dent with the houses thereupon. In early 1970 and subsequently Dent acquired, from more than one grantor, acreage which nearly, but not completely, surrounded the acreage of the plaintiff James Joyner, Jr. At one point James Joyner, Sr., the father of the plaintiff, acquired an acre of land lying to the southeast or rear of plaintiff's property, which acre of land was later acquired by Dent.

The services of the defendant Keels, who is no longer in the case, were engaged to lay out a small subdivision nearly surrounding the property of the plaintiff. The evidence is conflicting and far from clear as to just what happened, but in any event confusion arose among the parties defendant as to the precise location and extent of the property owned by the plaintiff. At least inferentially such arose in part from the fact that the plaintiff's first deed only called for a depth

of 420 feet, instead of 835 feet. Contributing to a misunderstanding, possibly, was the fact that an acre of land belonging to James Joyner, Sr., lying to the rear of the plaintiff's land, was being acquired by Dent. In any event a subdivision plat was prepared and followed by the contractor. Included within the subdivision plat was the rear 415 feet of plaintiff's property.

A 50 foot dirt road was graded by the contractor leading from S-9-36 in a southeasterly direction and such road for a distance of 420 feet from the highway, the depth of plaintiff's lot according to his first deed, immediately adjoined plaintiff's land. From that point on it curved into and extended through pretty much the center of the rear portion of plaintiff's property. Commencing at a point 420 feet from the highway, lots were laid out on both sides of the roadway and upon one of these lots a house was built and thereafter a sale made by Dent to a party not involved in this litigation. There is evidence that this house encroached upon plaintiff's land but the record fails to disclose anything like the precise extent of such encroachment.

The jury found only actual damages against Keels, who is now out of the case, the punitive damages being against St. Matthews Builders, or Dent, and the defunct Town and County Builders. It is contended that St. Matthews Builders was entitled to a directed verdict as to punitive damages and that it is entitled to a new trial on the ground of excessiveness of the verdict of the jury. It is elementary that in determining whether the issue of punitive damages was properly submitted to the jury the evidence and all the inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff. The evidence is in sharp conflict on some points and confusing and not at all clear on other points, but viewing it in the light most favorable to the plaintiff we cannot say that such was not susceptible of a reasonable inference that St. Matthews Builders, or Dent, was proceeding in reckless disregard of, or with a conscious failure to exercise due care as

to, plaintiff's property and rights. Since there must be a new trial we refrain from discussing the evidence in detail and hold only that on the present record there was no error in submitting the issue of punitive damages to the jury.

As to appellant's second question, we are convinced ██ His Honor erred in refusing to grant a new trial on the ground of the excessiveness of the verdict. The record is devoid of any evidence from which the jury could have logically or reasonably reached the conclusion that the plaintiff had sustained actual damages in the sum of $3,500.00. The plaintiff acquired the entire tract approximately a year before the trespass for the consideration of $400.00, and there is no evidence that its market value was any greater. His front and most valuable acre was not damaged by the trespass. He did sustain some damage to his rear acre in that a dirt road was graded thereupon and a house encroached upon the edge thereof to a limited, but nonspecific extent. Photographs indicate that some small trees and vegetation were removed in grading the road. There is no evidence as to the value, if any, of the trees. Plaintiff's land has not been taken away from him and he offered no evidence as to depreciation in market value, if any, resulting from the trespass. In the absence of evidence of specific damages, the measure of damages for injury to real property is the difference between the value of entire premises before and after injury thereto. See cases collected in West's South Carolina Digest, Damages Key No. 112.

The test which guides this Court in the exercise of its power and its duty to set aside a verdict for either excessiveness or inadequacy is whether the verdict is so shockingly so as to manifestly show that the jury was actuated by considerations not founded on the evidence and/or the instructions of the court. See *Toole v. Toole,* 260 S. C. 235, 195 S. E. (2d) 389. The verdict for actual damages, as rendered in this case was without any rational support whatever in the evidence and is so grossly excessive as to show that the

jury was actuated by considerations not founded on the evidence and/or the instructions of the court. The verdict for actual damages being so manifestly and grossly excessive a new trial must be granted, and it becomes unnecessary for us to consider appellant's contention that the verdict for punitive damages was likewise excessive.

The judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.

Moss, C. J., and LEWIS and LITTLEJOHN, JJ., concur.