The SOUTH CAROLINA NATIONAL BANK, Plaintiff,

v.

LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant.

Civ. A. No. 80–715–14.

United States District Court, D. South Carolina, Columbia Division.

Oct. 6, 1981.

Hamilton Osborne, Jr., Columbia, S. C., for plaintiff.

R. Davis Howser, Columbia, S. C., for defendant.

## ORDER

WILKINS, District Judge.

This is an action in contract brought by South Carolina National Bank for the purpose of collecting upon an automobile insurance policy issued to Barry Bowen by Lumbermens Mutual Casualty Company. Jurisdiction is based upon diversity of citizenship. Neither party demanded a jury, and the case was tried by the Court on September 16, 1981.

## FINDINGS OF FACT

On January 3, 1979, Barry Bowen leased a new 1978 Mercedes automobile from Fowler Motors of Sumter, S. C. Fowler Motors assigned this lease to Plaintiff, a national bank incorporated and having its principal place of business in South Carolina. Pursuant to the terms of the lease, Bowen obtained collision insurance on the car from Defendant, an insurance company incorporated and having its principal place of business in Illinois. The policy named Plaintiff the loss payee.

This policy became effective on April 26, 1979 and was due to expire on October 26, 1979. However, in June, 1979, the Defendant, for nonpayment of premium, cancelled Bowen's policy. On August 18, 1979, the car was wrecked. Plaintiff obtained $2,885.00 in salvage value for the car and applied that amount to Bowen's debt on the lease. Plaintiff then brought suit against Defendant for the balance due under the vehicle lease agreement. Defendant denied liability alleging proper termination of the insurance policy prior to the accident.

Under the terms of the insurance policy, coverage could be cancelled with respect to the named insured by placing a notification of cancellation *in the mail* 10 days prior to the intended termination date. The contract failed to state the manner in which notice must be given Plaintiff, stating only that "the company shall notify the Lienholder when not less than ten days thereafter such cancelation (sic) shall be effective..."

Bowen received notification of cancellation of his policy from Defendant by certified mail. Plaintiff denied receipt of any notice of cancellation. Testimony by witnesses for Defendant was given that notice would have, as a matter of business routine, been simultaneously mailed to Plaintiff when it was mailed to Bowen. However, Defendant admitted it had neither a certificate of mailing nor a record or any notation in its file to show that notification was actually mailed to Plaintiff. Also, Defendant admitted that the employee who had the responsibility to mail the notice to Plaintiff was only a temporary summer worker. This employee was not called as a witness.

Plaintiff's witnesses testified unequivocally that no notice of cancellation was ever received from Defendant. They also testified as to the value of the car prior to the accident, stating that $7,106.70 remained unpaid on the lease when the car was wrecked and that the estimated future value of the car at the termination of the lease was $7,000.00.

I find that no notice of cancellation was ever sent by Defendant to Plaintiff. I also find that $7,106.70 remained unpaid on the lease when the car was wrecked. Further, I find that under Plaintiff's standard formula of evaluation, the car had an estimated value of $7,000.00 at the termination of the lease.

## CONCLUSIONS OF LAW

### LIABILITY

■ It is clear that Defendant could not terminate Plaintiff's loss payee interest in the insurance contract without giving Plaintiff notice prior to cancellation. *See Queen Ins. Co. v. Nalley Discount Co.*, 215 Ga. 837, 114 S.E.2d 21 (1960). However, Defendant argued that mere proof of mailing of a notice of cancellation, even without actual receipt of that notice by Plaintiff, was sufficient to relieve Defendant of liability under the policy. Even were this the law, Plaintiff would still prevail in this action because Defendant failed to carry the burden of proving the notice was actually placed in the mail. On this basis, judgment should be entered for Plaintiff.

■■ Furthermore, contrary to Defendant's claim, even had Defendant succeeded in proving notice was mailed, that alone would have been insufficient to terminate the lienholder's interest. In order to prove cancellation of an insurance policy (or, in this case, notice to a lienholder), the party asserting cancellation bears the burden of proving strict compliance with the manner provided for cancellation in the policy. *Moore v. Palmetto Bank*, 238 S.C. 341, 120 S.E.2d 231 (1961). This policy required Plaintiff be given prior notification. No particular method of notice was specified.

The generally accepted rule is that where an insurance policy simply requires notice, without stipulating any particular form, actual receipt of such notice is a condition precedent to cancellation by the insurer. *Sherrod v. Farmers' Mutual Fire Association*, 139 N.C. 167, 51 S.E. 910 (1905); 45 Am.Jur.2d, *Insurance* § 408.

### DAMAGES

■ Plaintiff is entitled to recover, within the limits of the policy, the fair market value of the car immediately prior to the accident, minus the salvage value immediately after the accident. *Joyner v. St. Matthews Builders*, 263 S.C. 136, 208 S.E.2d 48 (1974); *Sullivan v. City of Anderson*, 81 S.C. 478, 62 S.E. 862 (1908). Therefore, in order to calculate damages it is necessary to determine the F.M.V. of the car immediately prior to the accident.

Based on South Carolina National Bank's standard evaluation formula, Plaintiff presented evidence at trial that the future F.M.V. of the car at the termination of the lease agreement would be $7,000.00. On the date the car was wrecked, there remained $7,106.70 unpaid on the lease. These two figures combined, more likely than not, equal the F.M.V. of the car on the date of the accident. They certainly represent Plaintiff's interest in the car and probable asking price had Plaintiff attempted to sell the car as of that date.

■ It was admitted at trial that Plaintiff's estimated future F.M.V. of the car was based on the assumption that the car had received normal use and depreciation. Defendant argued that because no evidence was presented as to the actual use of the car or its condition shortly before the accident, this calculation of future value was speculative to support an award of damages. However, it is not necessary that damages be calculable to an absolute mathematical certainty. *Haltiwanger v. Barr*, 258 S.C. 27, 186 S.E.2d 819 (1972). It is sufficient that the evidence presented enables the Court to determine the damages with reasonable certainty or accuracy. *Gray v. Southern Facilities, Inc.*, 256 S.C.

558, 183 S.E.2d 438 (1971). Based upon the testimony and the total absence of any evidence to the contrary, it is reasonable to assume under the circumstances of this case that the car received normal use.

The combined unpaid lease debt with Plaintiff's estimated value of the car at the termination of the lease equals a F.M.V. of $14,106.70. The probable accuracy of this figure, as the F.M.V. of the car on the date of the accident, is strongly supported by the fact that the car was purchased new for $16,000.00 only nine months prior to the accident. A depreciation in value of approximately $2,000.00 over a nine-month period is not outside the range of normal expectation.

Subtracted from the $14,106.70 F.M.V. of the car should be its salvage value immediately after the accident. In this case, the salvage value was $2,885.00. This figure represents an actual amount received from the sale of the car of $3,000.00, minus $115.00 for costs Plaintiff incurred in the transaction. Finally, a $385.10 security deposit, which Bowen forfeited to Plaintiff for damages to the car, plus the $100.00 deductible amount contained in the policy, should also be subtracted. This leaves an award of $10,736.60.

| | |
|---|---|
| Predicted F.M.V. | $ 7,000.00 |
| Amount Owed on Lease | 7,106.70 |
| | $ 14,106.70 |
| Amount Received from Salvage | 2,885.00 |
| Security Deposit | 385.10 |
| Policy Deductible | 100.00 |
| | $ 10,736.60 |

NOW, THEREFORE, IT IS ORDERED that Plaintiff shall have judgment against Defendant for $10,736.60.

AND IT IS SO ORDERED.