914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
OCCIDENTAL CHEMICAL COMPANY, Plaintiff-Appellant,
v.
TEXTILE RUBBER AND CHEMICAL COMPANY, INC., Defendant-Appellee.
 No. 89-2156.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1990.
Decided Sept. 24, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Matthew J. Perry, Jr., District Judge. (CA-77-1248).
 George Verner Hanna, III, Moore & Van Allen, Charlotte, N.C., argued for appellant; William C. Boyd, Robert Y. Knowlton, Frank W. Cureton, Sinkler & Boyd, P.A., Columbia, S.C., on brief.
 Stephen G. Morrison, Nelson, Mullins, Riley & Scarborough, Columbia, S.C., argued, for appellee; Robert W. Foster, Jr., Nelson, Mullins, Riley & Scarborough, Columbia, S.C., on brief.
 D.S.C., 742 F.2d 1449.
 APPEAL AFTER REMAND.
 AFFIRMED.
 Before SPROUSE, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Occidental Chemical Company appeals from an order of the district court entered after remand from this court for partial rescission of the involved contract and computation of restitution. The court determined that the expenses of the defendant, Textile Rubber and Chemical Company, Inc., more than offset Occidental's right to restitution and dismissed the suit. We affirm.
 
 
 2
 The facts underlying this case are fully set out in our previous opinion, Occidental Chemical Co. v. Textile Rubber and Chemical Co., No. 82-1562 (4th Cir. Aug. 20, 1984). Briefly stated: Occidental and Textile contracted that Textile would develop and produce a fungicide, and Occidental would market it. Since both parties believed that a successful formulation had been developed, Occidental authorized Textile to commence production. Textile manufactured over a hundred thousand gallons of the fungicide, which Occidental purchased and marketed. Unfortunately, it soon became apparent that the formulation was defective. Attempts to rework and reformulate the fungicide failed, and the venture was finally abandoned after both parties had lost considerable sums of money.
 
 
 3
 Occidental and Textile sued and counterclaimed, respectively, for breach of contract. The district court in the original trial found that successful formulation of the fungicide was a condition precedent to any obligation of either party to manufacture or market the product. Since that condition had not been met, the court held that the actions of the parties had been performed without obligation under the contract and, therefore, that neither party could recover from the other.
 
 
 4
 On appeal, we did not disagree with the district court's interpretation of the contract, but we found that the parties had gone forward with production under the mutual mistake that the fungicide had been successfully formulated. Holding that the remedy for such mutual mistake is rescission, we remanded with directions to the court to compute the restitution necessary to restore the parties to the status quo that existed prior to the production phase.
 
 
 5
 On remand, the district court found that Occidental had conferred benefits on Textile in the amount of $378,560[1] but that Textile was entitled to offset its expenses in producing the fungicide. The court conducted a hearing to determine the amount of such expenses. On the basis of the evidence developed at the hearing, the court found that Textile had expended $395,510.[2] Since this amount exceeded the benefit conferred by Occidental, the court found that neither party could recover from the other and dismissed the case.
 
 
 6
 Occidental raises three issues on appeal. First, it argues that the district court misapplied the law of restitution by permitting Textile to offset its production expenses. We disagree that the court misconstrued the applicable law. See D. Dobbs, Handbook on the Law of Remedies Secs. 4.5 & 11.9 (1973); Annotation, What Constitutes Change of Position by Payee so as to Preclude Recovery of Payment Made Under Mistake, 40 A.L.R.2d 997 (1955); Restatement of Restitution Secs. 142, 155, 158 & 159 (1937).
 
 
 7
 Second, Occidental contends that, even if Textile's expenses were properly offset, there was insufficient evidence to support the district court's findings as to the amount of those expenses. Our review of this factual issue, of course, is under the clearly erroneous standard of Rule 52(a), Fed.R.Civ.P., W.F. Magann Corp. v. Diamond Mfg. Co., 775 F.2d 1202, 1205-06 (4th Cir.1985), and we cannot say that the district court's findings were clearly erroneous. Cf. South Carolina Nat'l Bank v. Lumbermens Mut. Casualty Co., 526 F.Supp. 94, 96 (D.S.C.1981) (under South Carolina law, damages need not be calculable to an absolute mathematical certainty).
 
 
 8
 Finally, Occidental asserts that the court erred in not granting it prejudgment interest on the $378,560 it had conferred upon Textile. Again, we disagree. Absent a contractual agreement between the parties, South Carolina permits prejudgment interest only on liquidated claims. Republic Textile Equip. Co. v. Aetna Ins. Co., 293 S.C. 381, 360 S.E.2d 540, 545-46 (S.C.Ct.App.1987); Weeks v. McMillan, 291 S.C. 287, 353 S.E.2d 289, 293 (S.C.Ct.App.1987). Additionally, the granting of prejudgment interest on an equitable claim vel non is generally discretionary. See Dobbs, Sec. 3.5 at 172-74.
 
 
 9
 In view of the above, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 11
 FN1 This included cash payments for the fungicide, a loan for a drumming facility, costs for containers which Occidental gave Textile, and costs for disposal of the unusable fungicide. The costs were stipulated to by the parties, the issue at trial being whether certain costs should be included or certain offsets allowed. Occidental did not appeal the court's finding that it conferred $378,560 in benefits upon Textile. Textile, although attacking that finding in its brief, also did not appeal that finding.
 
 
 12
 FN2 The district court's order reads $495,510; however, this appears to be a computational or typographical error. The parties agree the correct sum is $395,510.