## 6599

### DEMPSEY v. WESTERN UNION TELEGRAPH CO.

1. TELEGRAPH COMPANIES—STRIKING OUT PLEADING.—Allegation "that notwithstanding the defendant had every reason to know the message was important" is objectionable for indefiniteness, but it is sufficient to apprise of the intention of plaintiff to prove notice to defendant ·of reasons why message was important. Remedy was motion to make definite and not motion to strike out.

2. DAMAGES—NEGLIGENCE—MENTAL SUFFERING—ISSUES.—Whether one subjected to damage by negligence of another used all reasonable effort to prevent or minimize mental suffering is question for jury.

3. TELEGRAPH COMPANIES—ISSUES.—It cannot be said as matter of law that exposure and sickness were results which could not have been reasonably anticipated from failure to deliver the telegram, "Will be to Perry on morning train; meet me there." Whether reasonable prudence required plaintiff to wait until he could obtain a conveyance that would protect him .from the rain, and whether his exposure and sickness were due to defendant's delict as a proximate cause, was for jury.

   *Jones* v. *Tel. Co.,* 75 S. C., 208; *Carter* v. *Ry.,* 75 S. C., 355; *Key* v. *Tel. Co.,* 76 S. C., 301, *distinguished from this case.*

4. INSTRUCTION that punitive damages could be awarded for negligence, immediately followed by instruction, it could only be given on proof of wilfulness, is not reversible error.

5. TELEGRAPH COMPANIES—ISSUES.—Unexplained delay in delivery of message for seventeen hours carries question of wilfulness in non-delivery to the jury.

6. CHARGE.—Where the Court in general and comprehensive terms charges the law bearing on a cause and party submits no requests for elaboration or more definite statement, there is no error.

Before GAGE, J., Bamberg, October, 1906.    Affirmed.

Action by A. R. Dempsey against Wetsern Union Tel. Co.   From judgment for plaintiff, defendant appeals.

*Mr. Jno. R. Bellinger,* for appellant.   No argument furnished Reporter.

*Mr. J. F. Carter,* contra, cites: *If defendant was guilty of wilfulness, plaintiff is entitled to recover even if negligent:* 73 S. C., 467. *Appellant suffered no injury from charge as to punitive damages for negligence:* 75 S. C., 270, 286; 73 S. C., 211, 364. *Statement once in charge of a proposition in proper form is suffiient:* 72 S. C., 411. *If charge be indefinite, counsel should call Court's attention to it:* 64 S. C., 311. *Appellant cannot relieve itself from negligence by stipulation on back of message:* 75 S. C., 512.

July 23, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. A statement of the facts alleged in the complaint is necessary to an understanding of the appeal.

December 28, 1905, was the day appointed for the marriage of plaintiff, at the residence of Roland Williams, near Wagner, S. C. On December 27th, while on his way from his home at Midway to meet the appointment, the plaintiff became so ill that he was obliged to stop over at Bamberg. Having then missed the only train which would have taken him direct to Wagner by the hour appointed, he delivered by the hand of his agent, G. H. Smoak, to the defendant's agent at Bamberg, for transmission, this message:

"Number I Rx. Sent by G. Received by W. Check 10, paid. Received at 6:20 p. m. 12-17, 1905. Dated Bamberg, S. C.

To Roland Williams, Wagner, S. C.

Will be to Perry on morning train; meet me there.

"A. R. Dempsey."

When Smoak handed in the message he offered to pay any extra charge for sending the message to the home of the addressee; but the agent declined the offer and agreed to deliver the message promptly. The purpose of the telegram was to get Roland Williams to meet plaintiff at Perry's, so that he might be at the appointed place at the time fixed for the marriage. The allegations as to the de-

fendant's notice of the importance of the telegram, the failure to deliver and the damage which ensued are thus made:

"That notwithstanding defendant had every reason to know that the message was important, defendant wilfully, wantonly, recklessly and negligently failed to deliver said message as directed and as agreed upon, it not being delivered until the following day about eleven or twelve o'clock, and not then until plaintiff's friend called for it; that defendant had on previous occasions delivered messages to the home of the said Roland Williams without extra charges, but wilfully, wantonly, recklessly and negligently failed to deliver this message as directed and as agreed upon, and by defendant's wilful, wanton, reckless and negligent failure to deliver said message, when plaintiff arrived at the town of Perry on the morning train there was no one there to meet him, and after waiting there for some time and no one having come for him, the hour having arrived when his marriage was to take place, he endeavored to get a conveyance, but after trying diligently he failed to get any conveyance whatever, and was forced to go afoot in the rain, it having been raining hard all the morning, and plaintiff was unable even to procure an umbrella; that plaintiff walked a mile or more before he succeeded in getting a horse and buggy, and was then compelled to take an open buggy, without an umbrella, and drive several miles exposed to the hard rain, not being able to reach the home of the young lady whom he was to marry until long after the hour set for the marriage.

"That when plaintiff arrived at the home of the young lady whom he was to marry he was wet through and through, was cold, greatly pained and humiliated, and suffered great mental anguish, on account of not being able to meet the lady at the appointed hour and on account of his appearance, his clothes being wet through and through.

"That from the exposure to which plaintiff was subjected, being already in ill health, he was caused several weeks' serious illness, was confined to his bed, attended by a physician

26—77

and came very near losing his life, having not yet fully recovered and perhaps being injured for life, and having to pay a heavy doctor's bill."

Damages were demanded for "mental anguish at not being able to meet the lady whom he was to marry at the appointed hour, the serious illness which he has suffered, his impaired health, and the heavy doctor's bill which his illness has cost him."

Plaintiff recovered judgment, and the defendant appeals. Of the defenses set up, the appeal concerns only the general denial and the allegations that plaintiff could have avoided mental anguish and the exposure resulting in sickness by hiring a conveyance at Perry's.

Before entering on the trial defendant's counsel made a motion to strike from the complaint all allegations relating to mental anguish, on the ground that the message failed to show on its face that neglect in delivering would result in mental anguish, and the complaint contained no allegation of notice to the defendant of the mission of the plaintiff. The Circuit Judge deferred the decision of the motion until the plaintiff offered evidence of notice to the defendant's agent, and then by admitting the evidence over objection practically decided the motion. In this there was no reversible error. The allegation "that notwithstanding the defendant had every reason to know that the message was important" is objectionable for indefiniteness. But it was sufficient to apprise the defendant of intention of the plaintiff to bring home to defendant notice of the reasons why the message was important.

The remedy was a motion to make the allegation definite and certain. *Wingo* v. *Inman Mills,* 76 S. C., 552.

The plaintiff offered evidence tending to establish every allegation of his complaint. It is true it was his duty to use all reasonable efforts to hire a conveyance and to use all other practicable methods to prevent or minimize the mental anguish or other suffering resulting to him from defendant's negligence.

But this rule cannot avail the defendant, for the plaintiff testified that he did make considerable effort to hire a conveyance. Whether he used reasonable diligence in his efforts was a question for the jury.

It cannot be said, as a matter of law, the exposure and sickness were results which could not have been contemplated by the parties, which the defendant could not have reasonably anticipated from a failure to deliver the telegram. There was evidence that the defendant knew of plaintiff's sickness at Bamberg, and the high consideration which required him to use his utmost efforts to reach his destination by the hour appointed for his marriage. Whether reasonable prudence required the plaintiff under the circumstances to wait until he could obtain a conveyance which would have protected him from the weather, and whether the exposure and sickness was due to the delict of the defendant as a proximate cause were questions for the jury. The case is quite different from *Jones* v. *Tel. Co.,* 75 S. C., 208; *Carter* v. *So. Ry. Co.,* 75 S. C., 355; and *Key* v. *Tel. Co.,* 76 S. C., 301.

In these cases the exposure and sickness were not made necessary by the negligence of the defendant, but arose from the choice of the plaintiffs to undergo hardships which the defendant's negligence did not make necessary. Here, on the contrary, the evidence tended to show the exposure became unavoidable on acount of defendant's negligence. The case, therefore, falls within the principle of *Toale* v. *Tel. Co.,* 76 S. C., 257; *Machen* v. *Tel. Co.,* 72 S. C., 256, 51 S. E., 697; *Pickens* v. *R. R. Co.,* 54 S. C., 498, 32 S. E., 567.

The Circuit Judge, at the request of plaintiff's counsel, did erroneously, and no doubt inadvertently, charge the jury that punitive damages might be recovered for mere negligence. But subsequently the mistake was corrected by instruction so explicit that the jury could not fail to understand that punitive damages could not be recovered for negligence, but only on proof of wilfulness.

The defendant did not attempt to explain the conduct of the operator at Wagner in making no effort whatever to deliver the telegram for about seventeen hours. It was, therefore, for the jury to say whether he wantonly or wilfully witheld it. *Young* v. *Tel. Co.*, 65 S. C., 93; *Willis* v. *Tel. Co.*, 73 S. C., 385.

There are numerous exceptions setting forth propositions of law which it is alleged should have been charged. The Circuit Judge made a charge to the jury covering in general and comprehensive terms the law bearing on the cause. The defendants made no request for elaboration or a more definite statement of these general propositions, and hence he cannot be awarded a new trial on this ground.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.