7694

### MOORE v. CUMMINGS.

1. CHARGE.—The instruction, "Now I charge you that these papers put in evidence show a title," the papers in evidence being deeds and plats proved to cover the *locus,* and there being testimony practically uncontradicted of possession thereunder for more than thirty years, *held* not to be prejudicial as a charge on the facts.

2. IBID.—The instruction, when you settle the question of title, if you settle it in favor of plaintiff, you go another step further and inquire how much he has been damaged by the acts of defendant, and "these men have fallen out and it is for you twelve men to say how much those trees were worth," *held* not to be a charge on the facts.

3. IBID.—The instruction, "Now I come to the third question and the one which counsel differ most about, and that is, how were these acts done?" *Held* not to be an incorrect statement under the testimony.

4. REAL PROPERTY—TIMBER—WILFULNESS.—The error of instructing the jury that they could give punitive damages for carelessly cutting timber off another's land, *held* to have been cured by subsequent instruction that such damages were recoverable if the cutting was wilfully done.

Before GAGE J. Hampton Fall Term 1909.    Affirmed.

Action by James W. Moore against W. F. Cummings and Aaron Garvin. From judgment for plaintiff, defendants appeal.

*Messrs. W. S. Smith* and *W. H. Townsend* for appellant, cite: *Charge as to title on facts:* 61 S. C. 5; 42 S. C. 144; 40 S. C. 519; 67 S. C. 34; 66 S. C. 463. *Stating facts in*

*issue is error:* 68 S. C. 162; 76 S. C. 506, 257. *Calling attention to real issue is harmful:* 71 S. C. 58; 82 S. C. 489.

*Messrs. W. S. Tillinghast, J. W. Manuel* and *Lyles & Lyles* contra. *Messrs. Lyles & Lyles,* cite: *Charge must be construed as whole:* 45 S. C. 156; 52 S. C. 170; 54 S. C. 511; 55 S. C. 587; 73 S. C. 467; 77 S. C. 304. *Papers in evidence make "color of title:"* 16 S. C. 465; 26 S. C. 219; 42 S. C. 138. *Twenty years' possession presumes title:* 15 S. C. 478; 53 S. C. 220; 56 S. C. 276; 16 S. C. 132; 37 S. C. 309; 40 S. C. 168; 59 S. C. 440; 71 S. C. 426; Code of Proc. 99, 101; 48 S. C. 28; 71 S. C. 330. *In action quare clausum fregit plaintiff need only prove possession:* 71 S. C. 322; 16 S. C. 466; 59 S. C. 131; 60 S. C. 401; 61 S. C. 314. *Counsel should call attention to misstatement of issues:* 54 S. C. 509; 57 S. C. 335; 59 S. C. 445; 62 S. C. 382; 68 S. C. 401, 38; 73 S. C. 70. *Statement of facts not disputed is not charge on facts:* 63 S. C. 197; 67 S. C. 431; 72 S. C. 420. *Technical error in charge is not reversible error:* 79 S. C. 128; 77 S. C. 403; 81 S. C. 3.

October 22, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The plaintiff brought this action on April 4, 1908, to recover damages, actual and punitive, for negligent and wilful trespasses upon certain lands of plaintiff in Hampton county by cutting down many valuable pine trees and nearly destroying a pine forest near plaintiff's old home place and thereby impairing its value as a place of healthful residence. The complaint also sought injunction against further trespasses and a temporary injunction was obtained. The defendant Garvin denied the alleged trespasses and plaintiff's allegation of ownership and possession and alleged title in himself and defendant Cummings, also denying the alleged trespasses and plaintiff's ownership and possession, set up license from defendant

Garvin to enter and cut the timber. Upon the issue of title thus raised the case was submitted to a jury before Hon. Geo. W. Gage, presiding Judge. The jury rendered a verdict in favor of plaintiff for eight hundred dollars and judgment entered therefor and permanent injunction granted.

Appellant's exceptions relate solely to the charge. The first exception alleges that the Court charged in respect to matters of fact when he instructed the jury: "Now I charge you that these papers put in evidence show a title."

The papers referred to here were (1) deed of Wm. Youmans to John Moore for thirty-eight acres of land, dated September 3, 1860, with plat; (2) deed of Wilson, Sheriff, under judgment and execution in *Haveland, et al.* v. *John Moore,* to the plaintiff, dated May 5, 1873; (3) deed of Ruth, Sheriff, to plaintiff, for twelve acres of land, under judgment and execution in the case of *A. P. Youmans* v. *William Youmans,* dated in 1883. Plaintiff's testimony showed that his father was in possession of the thirty-eight acre tract from 1860 to the time of his death in 1871 and that plaintiff has been in possession ever since, although the deed was executed in 1873, and that plaintiff held possession of the twelve acre tract from 1866 as agent for William Youmans and from 1883 to the present time in his own right; and that these deeds covered the *locus in quo.* Plaintiff further proved that he had been paying taxes on the land all the time. There was no material contradiction of this testimony. The charge fairly construed was not a charge upon the facts. The Court, as we see it, merely intended to construe the purport of the deeds, and, as the general charge clearly shows, left the question of possession and location thereunder with the jury, but as the testimony was practically all in favor of plaintiff's title and possession thereunder for more than thirty years we would not reverse the judgment for some slight inaccuracy of language which could not have prejudiced defendants. The rule is well

settled that possession for twenty years under a deed presumes a grant.

The second exception complains that the following charge was upon the facts: "When you settle the question of title, if you settle it in Mr. Moore's favor, you go another step further and inquire how much has he been damaged by the acts of Mr. Cummings," and then after stating the allegations of the complaint as to the number and value of the trees cut, the Court charged: "These men have fallen out, and it is for you twelve men here to say how much those trees were worth." It is contended that the charge assumed that the defendants had cut the number of trees as alleged in the complaint. We do not so construe the charge. The jury, in the event they found title in plaintiff, were merely instructed to inquire as to the extent of the damage done by defendants.

The third exception also alleges that the following charge was upon the facts: "Now I come to the third question and the one which counsel differ most about, and that is how were those acts done." The contention is that this charge was calculated to impress the jury that there was no real issue as to title or as to the question whether defendants committed the acts alleged. After carefully considering the issues as made by the testimony, we do not feel that defendants were prejudiced by the statement of the Court, as the testimony leaves no room to doubt that the statement of the Court was correct.

The fourth exception alleges error in the charge as to punitive damages, in the following sentence: "If one man takes another man's property against his will, or carelessly, the jury may assess damages against him not only for the value of the property but to punish him for the act." The error assigned is that the charge authorized the infliction of punitive damages for a mere careless act. If this sentence fairly represented the charge a case of error would be presented, as mere carelessness,

short of recklessness or wantonness, does not warrant imposition of punitive damages.   But the charge considered as a whole renders it certain that the jury were not misled. The charge in that connection was as follows:

"Now, I come to the third question, and the one which is the real issue in the case, and the one which counsel differ most about, and that is how were these acts done.   The complaint charges that it was done wilfully, and wilfully means just what that word implies.   If I were to tell you what a white horse was—start to tell you, you would know what I meant without my attempting to tell you what a white horse is, and you know what a wilful man is.

"I charge you this: That one man cannot go and take another man's property against the other man's will, and simply offer the worth of that property.   If one man takes another man's property against his will, or carelessly, the jury may assess damages against him not only for the value of the property but to punish him for the act.   That is the power of the jury.   The issue here is will the jury do that? I will tell you what the law is and it is for you to say whether or not the facts warrant you giving such a verdict, and that leads you into the purpose of Mr. Cummings' action when these acts were done.   How can you find a man's purpose? I told a jury in a criminal case here, you cannot look into a man's heart like a watchmaker looks into his watch, and see what he has in him, for two reasons: first, you cannot see his heart, and secondly you do not know whether the motive is formed in his heart, but a jury can take all of the circumstances into the case, knowing that an act has been done, and judging other men by themselves, by their own heart and purposes, and find out how the thing is done.

"Now take all of the circumstances in this case and answer whether or not Mr. Cummings went, either by himself or his agents, and wilfully invaded the rights of the plaintiff.   If so, you have a right to assess damages against him—punitive damages."

In the case of *Dempsey* v. *Tel. Co.,* 77 S. C., 403, 58 S. E. 9 a similar mistake was regarded as corrected by subsequent instruction.

The judgment of the Circuit Court is affirmed.