0318

Joan W. FOX, Respondent, v. Roger MUNNERLYN, Appellant.

(323 S. E. (2d) 68)

Court of Appeals

*Thad H. Munnerlyn*, of *Munnerlyn & Falkiewicz*, Mount Pleasant, *for appellant.*

*Donald B. Barkowitz*, Charleston, *for respondent.*

Heard Sept. 17, 1984.

Decided Nov. 16, 1984.

BELL, Judge:

This is an action in trespass for damages. By consent of the parties, the matter was referred to the master in equity for rendition of a final judgment. The master found in favor of Fox and awarded her $3,000 in punitive damages. Munnerlyn appeals from the damages award. We affirm.

Joan Fox and her family live on a heavily wooded thirty-one acre tract in rural Charleston County. Except for the family

home and a dock on the inland waterway, the Fox property remains in an essentially natural state. Both Mr. and Mrs. Fox indicated at trial their strong desire to maintain the property undeveloped.

In 1976 Roger Munnerlyn purchased the adjoining tract of land. He planned to develop his property. To this end, he subdivided the tract into large lots of two to four acres each, limited the area to residential use, and restricted the style of construction that would be allowed. His plan included large "green areas" to act as buffers between the development and neighboring lands, and recreational areas where no construction was planned.

By 1980, development was well underway and substantial clearing of land had begun. Sometime in October, 1980, Munnerlyn told one of his employees to burn a pile of debris that had been cleared. Apparently, quitting time arrived before this fire had completely burned itself out, and the workman departed, leaving no one to tend to the smouldering underbrush. The fire spread to Fox's property and burned some two to five acres of scrub pine and other low growth before it was brought under control.

Four months later Mr. Munnerlyn sold some timber off his land. When the logging company began cutting there was some confusion over where the boundary between Munnerlyn and Fox lay. Consequently, timber was taken from a 656 foot strip fifteen to eighteen feet on Fox's land. After the trees were cut, either a bulldozer or a logging skid turned over the soil, burying some stumps and making it impossible to determine how many trees were cut from the Fox property. A forestry expert estimated the value of the timber cut from Fox's land to be at least $300.

Following each of these incidents, Fox and her husband expressed concern to Munnerlyn over his disregard for their property line. In late April or early May of 1981, Fox filed suit against Munnerlyn, asking actual and punitive damages for trespass. Shortly thereafter, Fox caught a man on a bulldozer clearing debris from her property, apparently in the same area where the timber had been cleared in February. She ordered the man off her land after learning he worked for Munnerlyn. Finally, prior to trial, Munnerlyn himself walked out on Fox's dock to greet some neighbors. He was told to leave immediately.

The parties consented to refer this matter to the master for rendition of a final judgment as to all issues.[1] At trial, Munnerlyn admitted the first two acts described above, but claimed they were inadvertent. Based on Munnerlyn's admissions the master found against him on the issues of liability.

Simple trespass ordinarily affords no basis for punitive damages. *Moore v. Cummings*, 87 S. C. 166, 69 S. E. 154 (1910). Only when a defendant's acts have been wilful, wanton or in reckless disregard of the rights of another can exemplary damages be justified. *Matheson v. American Tel. & Tel. Co.*, 137 S. C. 227, 135 S. E. 306 (1926). The sole issue before us is whether the master erred in finding Munnerlyn's conduct was wilful, wanton or reckless.

We view this case as an action at law tried before a judge sitting without a jury. Accordingly, we examine the record to determine if there is any evidence which reasonably supports the findings of the master. *See Goodwin v. Dawkins*, S. C., 317 S. E. (2d) 449 (S. C. 1984).

Munnerlyn admitted responsibility for the brush fire and the removal of timber from the Fox property. These two incidents formed the basis of Fox's complaint. Mr. Fox testified that prior to either of these tres-

---

[1] Since 1979, masters in equity have had authority to enter final judgment in actions at law. Act No. 164, Acts and Joint Resolutions of the General Assembly of South Carolina, 1979, pt. II, sec. 10 (codified at Section 14-11-90, South Carolina Code of Laws, 1976, as amended). The amendment changed the language of Section 14-11-90, which formerly read "Each master . . . in all causes *praying equitable relief* shall have power . . .," to "Each master in *all causes referred to him* shall have power. . . ." (emphasis added) It also added a provision authorizing the master to decide issues of "fact or law or both" upon written consent of the parties. Act. No. 164, *supra*, pt. II, sec. 12 (codified at Section 15-31-10, South Carolina Code of Laws, 1976, as amended). The consent order entered by the parties here expressly encompassed legal issues, and referred the matter of law to the master for rendition of final judgment. Reading amended Section 14-11-90, together with Section 15-31-10, as amended, we conclude that when a circuit judge, with consent of the parties, orders a matter of law referred to the master for final disposition, the legislature intended the master to have the same authority as a circuit judge to make findings and enter final judgment in a law action. We note that the order of reference here contained no provision that appeal would be to the Supreme Court. *See Glass v. Glass*, 278 S. C. 527, 299 S. E. (2d) 693 (1983). Since this appeal was filed prior to April 19, 1983, it is properly before us even though consent to direct appeal was not contained in the order. *Baptist Foundation for Christian Education v. Baptist College*, ___ S. C., 317 S. E. (2d) 453 (S. C. App. 1984).

passes, a surveying firm employed by Munnerlyn had cut down magnolia trees on Fox's property. Munnerlyn acknowledged that he had personally inspected the damage and reimbursed the surveyors $1,500 for a settlement they reached with Fox. Mr. Fox also testified that he told Munnerlyn after the fire that he was distressed and would have his own survey conducted to determine the extent of the damage. Repeated trespasses after one is on notice to stay off another's land may be fairly characterized as wilful and wanton. *Davenport v. Woodside Cotton Mills Co.*, 225 S. C. 52, 80 S. E. (2d) 740 (1954). There was evidence before the master of a pattern of trespass by Munnerlyn and persons working for him that suggests a conscious and wilful disregard for Fox's legal rights. Under these circumstances, a verdict for exemplary damages is justified. *Hinson v. A. T. Sistare Construction Co.*, 236 S. C. 125, 113 S. E. (2d) 341 (1960); *Baxley v. Barnwell Lumber Co.*, 113 S. C. 109, 101 S. E. 646 (1919).

Affirmed.

SHAW, and GOOLSBY, JJ., concur.