1383

James H. SATCHER, Jr., Respondent v. Frank D. BERRY, Catherine W. Berry, and C. Wells Berry, Appellants.

· (385 S. E. (2d) 41)

Court of Appeals

*Richard J. Breibart* of *Coleman, Sawyer, Breibart & McCauley,* Lexington, *for appellants.*

*Robert L. Buchanan, Jr.,* Aiken, *Charles Porter* of *McNair Law Firm,* and *Stephen A. Spitz,* Columbia, *for respondent.*

Heard Feb. 20, 1989.

Decided July 31, 1989.

BELL, Judge:

James H. Satcher, Jr., brought this action against Frank D. Berry, Catherine W. Berry, and C. Wells Berry for fraud, constructive fraud, and negligent misrepresentation in the sale of a peach farm in Edgefield County known as the "Perry Place." The jury returned a general verdict of $400,000.00 actual damages for Satcher. The Berrys appeal on the sufficiency of the evidence (1) to support liability and (2) to support the amount of damages. We affirm.

Where an appeal is from a jury verdict, this Court is not free to weigh the evidence, but must view the evidence and the inferences drawn therefrom in the light most favorable

to the prevailing party. *See McVey v. Whittington,* 248 S. C. 447, 151 S. E. (2d) 92 (1966); *Jackson v. Price,* 288 S. C. 377, 342 S. E. (2d) 628 (Ct. App. 1986); *Causey v. Blanton,* 281 S. C. 163, 314 S. E. (2d) 346 (Ct. App. 1984). If there is any evidence which reasonably supports the verdict, we must affirm the judgment. *McGaha v. Mosley,* 283 S. C. 268, 322 S. E. (2d) 461 (Ct. App. 1984).

## I.

As regards liability, the Berrys argue that Satcher failed to prove a critical element of his three causes of action: viz., the making of a false statement of fact. They claim the only evidence of a misrepresentation was Satcher's testimony that Frank Berry told him the Perry Place was "the best peach land in Edgefield County." They argue that this statement, on its face, is a mere expression of opinion or seller's puffery. As such, they assert, it is insufficient to prove an actionable misrepresentation. *See Gilbert v. Mid-South Machinery Company,* 267 S. C. 211, 227 S. E. (2d) 189 (1976); *Winburn v. Insurance Company of North America,* 287 S. C. 435, 339 S. E. (2d) 142 (Ct. App. 1985) (to establish fraud there must be a misrepresentation of fact as distinguished from a mere expression of opinion); *Jones v. Cooper,* 234 S. C. 477, 109 S. E. (2d) 5 (1959) (seller's "puffing" does not ordinarily constitute misrepresentation).

The Berrys' argument rests on too narrow a view of the testimony. Viewed in the light most favorable to Satcher, the evidence and the reasonable inferences that can be drawn therefrom tend to prove several other material facts.

A healthy peach tree can be expected to produce fruit for about fifteen years. However, peach trees are vulnerable to a soil disease, known as Short Life Syndrome, which causes them to die prematurely. A virgin planting in soil with the disease may live close to a normal life span; but a second planting will last no more than eight years. A third planting will die after two or three years. Thereafter, a planting will never grow past the second or third year.

The Berrys purchased the Perry Place in 1977. At that time, Short Life Syndrome was already in the soil. Frank Berry, an experienced peach farmer, knew about the disease.

It is inferable that he became aware of its presence on the Perry Place when his peach trees began dying prematurely sometime after 1977. By 1982, new plantings were dying within three years.

Approximately ten acres of the property were also taken up by a geological formation known as a Carolina bay. Because of poor drainage, this tract was too wet to grow peach trees.

There was evidence tending to show that immediately before he sold the Perry Place to Satcher in November 1982, Berry planted portions of the land, including the Carolina bay, with new peach trees. This planting was done out of the normal planting season. It temporarily gave the appearance that the land was growing healthy trees.

Frank Berry drove over the Perry Place with Satcher at least twice while the latter was considering the property. He told Satcher the younger trees on the property would grow to be fifteen years old. He also stated that the Perry Place was the best piece of peach land in Edgefield County. Knowing that Satcher was also looking at a peach farm owned by H. G. Holmes, Berry told him the Perry Place was "much better land" than the Holmes property. Although he knew the Perry Place had Short Life Syndrome and poor drainage, he said nothing about either to Satcher.

When the evidence is viewed as a whole, it supports the conclusion that Frank Berry took active measures, by conduct and by expression, to deceive Satcher about the fitness of the land to grow peaches. Considered against the background of the false planting, Berry's statements were not mere expressions of opinion, but were affirmative representations about the quality of the land. In other words, they were, and were intended to be understood as, statements of fact about the land. Berry knew they were false. He intended them to deceive, just as he intended the false planting to deceive.

Misrepresentation by conduct, as well as by express words, will support an action for fraud. *Chisolm v. Gadsden,* 32 S. C. L. 220, 47 Am. Dec. 550 (1847). Here the jury could reasonably have found that Frank Berry was guilty of both.

Because the evidence was sufficient to support a verdict for fraud, we need not address the causes of action for

constructive fraud and negligent misrepresentation. *See McClary v. Massey Ferguson, Inc.,* 291 S. C. 506, 354 S. E. (2d) 405 (Ct. App. 1987) (when jury returns a general verdict in a case involving two or more issues, and its verdict is supported as to at least one issue, the verdict will not be reversed).

## II.

The Berrys contend that reversal is also warranted because the jury's award of damages is excessive in light of the competent evidence.

Satcher presented expert appraisal testimony valuing the Perry Place both as peach producing land and as non-peach producing land. As peach producing land, one expert witness valued it at a minimum of $1750.00 an acre (value of raw land—tract with peach blocks already planted is worth more), while the other expert valued it at a maximum of $3000.00 an acre. As non-peach producing land, the tract was valued at $850.00 per acre.

In an action for fraud, damages may be measured by the difference in the value of the property as falsely represented and its value as is. *Baeza v. Robert E. Lee Chrysler, Plymouth, Dodge, Inc.,* 279 S. C. 468, 309 S. E. (2d) 763 (Ct. App. 1983). Using this measure, the expert testimony established Satcher's damages in a range between $187,200.00 plus and $447,200.00.[1] The jury awarded $400,000.00. When a verdict falls within the range of the evidence, the courts will not disturb it on the ground of excessiveness. *Buzhardt v. Cromer,* 272 S. C. 159, 249 S. E. (2d) 898 (1978).

For the reasons stated, the judgment of the circuit court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.

---

[1] The Perry Place was 208 acres more or less. Using the values placed on the acreage by Satcher's expert witnesses, the computation of damages would be as follows:

$$(\$3,000.00 - 850.00) \times 208 \text{ acres}$$
$$= \$447,200.00.$$

$$(\$1,750.00 \text{ plus} - 850.00) \times 208 \text{ acres}$$
$$= \$187,200.00 \text{ plus.}$$