### 1543

Michael K. SPARROW, Respondent v. TOYOTA OF FLORENCE, INC., Appellant.

(396 S.E. (2d) 645)

Court of Appeals

---

*Helen T. McFadden,* of *Bridges & Orr,* of Florence; *John I. Rogers, III,* of *Rogers & Powers,* of Bennettsville, and *David M. Beasley,* Hartsville, *for appellant.*

*William P. Hatfield* and *Mary L. Wells, Hyman, Brown, Jeffords, Rushton & Hatfield,* Florence, *for respondent.*

Heard April 9, 1990.

Decided Sept. 17, 1990.

BELL, Justice:

This is an action for fraud and deceit in the sale of an automobile.[1] Michael K. Sparrow alleged that Toyota of Florence, Inc., induced him to purchase a 1986 Toyota Cressida for $18,649.00 by falsely and knowingly telling him it was a "new" car, when in fact Toyota had sold it to a prior purchaser named Jones, who took title. Thereafter, Jones returned the car because of alleged defects in the exterior finish. The jury found for Sparrow on his cause for fraud and deceit and returned a verdict for $4000.00 actual damages and $6000.00 punitive damages. At the proper times Toyota made motions for a directed verdict and a new trial. The court denied the motions. Toyota appeals. We affirm in part and reverse in part and remand for a new trial solely on the issue of damages.

## I.

Toyota contends it is not guilty of fraud.

The evidence, viewed in the light most favorable to Sparrow, shows that Sparrow and his wife went to Toyota's new car lot for the purpose of purchasing a new car. A salesman named Keels showed them the Cressida, which had a new car sticker on the window and a sticker price of $20,737.74. The Sparrows liked the Cressida and began to negotiate a price with Bucky Lynch, a sales manager. Because the car had 1224 miles on the odometer, the Sparrows rejected Lynch's first offer. Mrs. Sparrow specifically asked Lynch why the car had so many miles on it. Lynch replied he had driven the car home and on out of town business for Toyota. According to Mrs. Sparrow, he also explained that the Cressida was a favorite car at Toyota and "we've just put those miles on it." Lynch did not tell the Sparrows the Joneses had purchased and driven the car nor that it was previously titled in their name—matters which are admittedly true. After further negotiations, the parties agreed on a purchase price of $18,649.00. Sparrow discovered the car was a previously owned automobile when the Highway Department issued him a title marked "used." He testified he would not

---

[1] The case went to trial on five causes of action. Only the fraud claim remains viable at this stage of the litigation.

have purchased the Cressida at the agreed price had he known the car was used.

This evidence is unquestionably sufficient to support the verdict for fraud. Toyota knew of the car's prior ownership, yet it misrepresented it as a new car by placing it on a new car lot, writing the word "new" on the window sticker, and giving a false explanation for the high mileage. Even without the false explanation of the mileage, the jury could find that Toyota knowingly and falsely misrepresented the car as new, by words and by conduct. *See Satcher v. Berry*, 299 S.C. 381, 385 S.E. (2d) 41 (Ct. App. 1989) (fraud may be committed by conduct as well as by words).

Toyota argues in defense that it cannot be liable for fraud, because it relied on an unwritten "policy" of the Highway Department when it represented the Cressida as new. The short answer to this argument is that reliance was a question of fact for the jury to decide, and it decided against Toyota.

In addition, the evidence tends to show that Toyota did not know about the so-called "policy" at the time of the sale but only discovered it after Sparrow complained about the title. Toyota could not possibly have relied on a policy it did not know of when it made the false representations.

Finally, Toyota's argument that it has a right to represent a previously owned car as "new" on the strength of an informal bureaucratic practice which the state agency has never adopted in writing nor promulgated by rule or regulation is extremely doubtful as a statement of the law. We find the "reliance" defense to be without merit. The judgment as to liability for fraud is affirmed.

## II.

Toyota also argues that the verdict for damages cannot be upheld, because there is no evidence of $4000.00 in actual damage to Sparrow.

In an action for fraud in the sale of goods, the plaintiff may elect to return the goods and recover the consideration paid or retain the goods and sue for damages. *See Baeza v. Robert E. Lee Chrysler, Plymouth, Dodge, Inc.*, 279 S.C. 468, 309 S.E. (2d) 763 (Ct. App. 1983). If he retains the goods, the measure of actual damages is the difference between the value the purchaser would have received if the

facts were as represented and the value the purchaser actually received. *Id.* The burden is on the plaintiff to prove the measure of his damages. *Jackson v. Midlands Human Resources Center,* 296 S.C. 526, 374 S.E. (2d) 505 (Ct. App. 1988).

In this case, Sparrow elected to retain the Cressida and sue for damages. Therefore, the measure of actual damages was the difference in fair market value between a new 1986 Cressida and a used one at the time of sale. On the evidence presented, the fair market value of the Cressida as a new car may be taken to be $18,649.00, the price a willing buyer (Sparrow) and a willing seller (Toyota), not acting under compulsion, would agree upon. *See Housing Authority of City of Charleston v. Olasov,* 282 S.C. 603, 608, 320 S.E. (2d) 478, 481 (Ct. App. 1984). However, to receive a verdict of $4000.00, Sparrow had to prove the Cressida had a fair market value, as a used car, of $14,649.00 or less. The only evidence presented to establish the differential in fair market value was Sparrow's own testimony that he would have paid two or three thousand dollars less for the Cressida had he known it was not new.[2] There was no evidence that the differential was $4000.00. Thus, the jury arbitrarily and capriciously fixed damages without reference to the evidence presented. Where there is no evidence on which the jury could have based their finding of actual damages, it is error for the court to refuse a motion for a new trial. *Carrigg v. Blue,* 283 S.C. 494, 323 S.E. (2d) 787 (Ct. App. 1984). Since the verdict for actual damages cannot stand, the verdict for punitive damages also falls. *Id.*

Sparrow attempts to rehabilitate the verdict for actual damages by pointing to evidence that he and his wife suffered mental anguish when they discovered the

---

[2] In our view, this testimony cannot properly be regarded as an owner's estimate of fair market value, since there is no evidence that Toyota would have sold the car for two or three thousand dollars less. Because Toyota admittedly rejected Sparrow's counter offer of $17,000.00, the evidence tends to show that no bargain would have been struck at a lesser price. Fair market value is the price at which the parties will reach agreement and not the amount one party will offer. Sparrow testified only to the price he would *offer* for the used Cressida. He easily could have put up testimony to show the going price in the market at the time of sale for a used car of a similar type and condition as the 1986 Cressida. He failed to introduce any such evidence.

fraud. He argues that the sum in excess of the value of the car was awarded as compensation for mental suffering. Mental suffering, emotional shock, inconvenience, or embarrassment are not elements of damage in a fraud case. *Id.* Therefore, this argument is without merit.

### III.

This is a case in which the issues of liability and damages are distinct issues. Since the error as to the damages does not affect the determination of Toyota's liability for fraud, the scope of the new trial may be limited to the issue of damages. *See Industrial Welding Supplies, Inc. v. Atlas Vending Co.,* 276 S.C. 196, 277 S.E. (2d) 885 (1981). Accordingly, we reverse the judgment for actual and punitive damages and remand for a new trial solely on the question of damages.

Affirmed in part, reversed in part and remanded.

SHAW and GOOLSBY, JJ., concur.