## 2180

Ileen M. STROUD, Sarah Katherine Stroud Bryant and Faye Stroud Wilson, Respondents v. A. Ethel ELLIOTT, Eunice Elliott, Georgia Pacific Company, Askins & Kellahan Engineers & Surveyors, Inc., Shelby S. Shelley, Jack Cullen Shelley, and John Doe, representing the unborn and unknown issue of the defendant Shelby S. Shelley, Defendants, of whom A. Ethel Elliott, Eunice Elliott and Georgia Pacific Company are the Appellants.

(449 S.E. (2d) 261)

Court of Appeals

*Eldridge R. Inman,* Conway, and *Charles E. Curry,* Dillon, *for appellants.*

*Carroll D. Padgett, Jr.,* Loris, *for respondents.*

*John C. Thompson,* Conway, *for defendants, Shelleys* and *Joe Doe.*

Submitted Sept. 7, 1994.

Decided Sept. 9, 1994; Reh. Den. Oct. 19, 1994.

## ORDER
After reviewing the Petition for Rehearing in this case, it is ordered that the opinion heretofore filed, Opinion No. 2180, filed May 9, 1994, be withdrawn and the attached opinion be substituted. The Petition for Rehearing is granted without oral argument.

AND IT IS SO ORDERED.

/s/ <u>C. Tolbert Goolsby, Jr., J.</u>
C. Tolbert Goolsby, Jr.

/s/ <u>Carol Connor, J.</u>
Carol Connor·

Columbia, South Carolina
August 15, 1994

GOOLSBY, Judge:

In this action to quit title and for trespass, Ileen M. Stroud, Sarah Katherine Stroud Bryant, and Faye Stroud Wilson (the Strouds) sought damages against A. Ethel and Eunice Elliott (the Elliotts) for timber cut and removed from property to which both parties claim title. The jury returned a general verdict for the Strouds and awarded them $59,010 in actual damages and $10,000 in punitive damages. The Elliotts appeal, in part, from the trial court's denial of their motions for a new trial and a new trial *nisi*. We reverse and remand.

The Elliotts moved for a new trial and new trial *nisi* on the ground that the jury's actual damages award of $59,010 was contrary to the evidence of actual damages. Here, the *only* evidence before the jury concerning the damages caused by the alleged trespass was the testimony of Travis Coleman Cork, a consulting forester and rural appraiser, who testified the value of the timber removed from the property totaled $33,910. There is no evidence whatsoever to support the other $25,100 that comprises approximately 43 percent of the jury's award of actual damages. Indeed, counsel for the Strouds admitted as much in oral argument before this court when he stated he did not know from where the figure came.[1]

Finding, as we do, that the amount of the jury's award of actual damages was "grossly excessive . . . so as to be the result of . . . some . . . influence outside the evi-

---

[1] The Strouds contend that "as additional sustaining grounds for the award, the jury could have found actual damages of up to three (3) times the fair market value of the [cut timber under S.C. Code Ann. § 16-11-615 (Supp. 1993)]." Section 16-11-615 provides that where an owner of private land brings an action to recover the fair market value of timber, the owner "shall receive damages of not to exceed exactly three times the fair market value of the timber." The trial court, however, did not charge this code section to the jury.

dence," we reverse the award and remand the issue of actual damages to the trial court. *O'Neal v. Bowles*, — S.C. —, —, 431 S.E. (2d) 555, 556 (1993). Our reversal of the actual damages award requires us to vacate the punitive damages award as well. *See Sparrow v. Toyota of Florence*, 302 S.C. 418, 396 S.E. (2d) 645 (Ct. App. 1990) (an award for punitive damages falls where an award for actual damages cannot stand); *Carrigg v. Blue*, 283 S.C. 494, 500, 323 S.E. (2d) 787, 790 (Ct. App. 1984) ("Since the [award] for actual damages cannot stand, the [award] for punitive damages also falls."). Moreover, because the Strouds seek punitive damages, we reverse and remand for a new trial on all the remaining issues in the case.

> The measurement of [punitive] damages necessarily depends on the jury's view of the facts giving rise to liability. It requires the jury to assess the quality of the acts creating liability [and] the degree to which those acts are culpable. . . . Common questions of fact underlie both the liability and the damages aspect of this case. In fairness to all parties, we believe these issues should be tried together before the same fact finder.

*Id.* at 500, 323 S.E. (2d) at 790-91.

Reversed and remanded.

CONNOR, J., concurs.