597 S.E.2d 853

**John D. WIMBERLY, Appellant/Respondent,**

**v.**

**Wayne BARR, Steve Rutland and Roy Rutland, d/b/a South Willow Logging and Roy Rutland Logging and Southeastern Forest Products, Inc., Respondents/Appellants.**

**No. 3817.**

Court of Appeals of South Carolina.

Heard Feb. 11, 2004.

Decided June 1, 2004.

Todd Raymond Ellis, of Columbia, for Appellant–Respondent.

Arthur E. White, Jr., of W. Columbia, and Robert Buffington, of Columbia, for Respondents–Appellants.

CURETON, A.J.:

John D. Wimberly brought this action against Wayne Barr; Steve Rutland and Roy Rutland, doing business as South Willow Logging and Roy Rutland Logging; and Southeastern Forest Products, Inc., for cutting timber on his property without permission. The jury awarded actual and punitive damages. After post-trial motions, the trial judge decreased the amount of actual damages to equal three times the value of the timber pursuant to S.C.Code Ann. § 16–11–615 (2003) [1] (the timber statute). The punitive damages were not altered. Wimberly appeals the reduction of the actual damages. The Rutlands and the logging companies (collectively referred to as Respondents) appeal the failure to reduce the punitive damages.[2] We affirm in part and reverse in part.

## FACTS

Wimberly owns 157 acres of wooded property in Orangeburg County which he leases for hunting. Barr is an adjoining landowner. In 1999, Barr sold the harvestable timber on thirty-five acres of his property to Southeastern. Southeastern contracted with the Rutlands to perform the logging.

There was some confusion over the exact location of the dividing line between the properties. Although there was a

---

**1.** This statute has not been modified since its enactment in 1985. Accordingly, we cite to the current codification of the statute.

**2.** Wayne Barr failed to file a Final Appellant's Brief of Respondent/Appellant. Accordingly, we will not consider his issues on appeal.

cleared roadway and flags on Wimberly's property, neither the road nor the flags delineated the property line with Barr. Wimberly was concerned that the loggers would cut timber from his property. On at least three occasions, either Wimberly or his lessees informed Barr of the location of the property line.

Barr testified that he told Mike Grooms, the owner of Southeastern, and Roy Rutland that they were not to cut up to the flagged tract of land. The loggers cut right up to the flagged area, which resulted in the removal of timber from approximately 4.89 acres of Wimberly's property.

Wimberly brought this action against Respondents, alleging damages under theories of trespass, negligence, unfair trade practices, conversion, and violation of the criminal statute against removing timber without permission, S.C.Code Ann. § 16–11–580 (2003).[3] Wimberly informed the court before trial that he was not going forward on the claim under that statute.

Wimberly presented several expert witnesses to establish his damages totaling approximately $39,000. Charles Hills, a registered forester, testified that the timber cut from Wimberly's property had a fair market value of $4,163.63. Hills also estimated that it would cost $1,841 to prepare and replant Wimberly's land. Rudy Matthews, an outdoorsman, testified regarding the reduced value of the lease for recreational use of the property. Matthews testified that because the timber on Wimberly's property had been reduced, the property could accommodate fewer hunters. Mathews estimated that had the timber not been harvested, Wimberly could have accommodated nine to ten hunters at $400 per year each. The loss of lease value was estimated at $22,500. Rogers Cobb, a real property appraiser, opined the property was worth $113,000 prior to the harvesting of the timber and approximately $10,958 less after the harvesting.

Respondents moved for a directed verdict, arguing, in part, that Wimberly's damages should be limited to three times the

---

**3.** Section 16–11–580 provides that it is unlawful for anyone to knowingly or wilfully cut, destroy or remove any trees or timber of any kind ... without the consent of the owner.... S.C.Code Ann. § 16–11–580 (2003).

value of the timber cut pursuant to S.C.Code Ann. § 16–11–615 (2003) (providing that when a landowner institutes a civil action for the wrongful harvesting of timber, his damages for the loss of his timber shall not exceed three times the fair market value of the timber). The trial court denied the motion to limit Wimberly's claim to three times the value of the timber and granted Respondents' motion for directed verdict on the claim of unfair trade practices. Wimberly consented to go forward only on the trespass claim. The jury was charged only on the law of trespass and was instructed to determine whether actual or punitive damages were proper. Neither party requested the timber statute be charged to the jury, and the statute was not charged.

The jury returned a verdict in favor of Wimberly in the amount of $33,300.00 in actual damages and $30,000.00 in punitive damages. Respondents moved for judgment notwithstanding the verdict (JNOV) to reduce the amount of actual damages pursuant to section 16–11–615 to exactly three times the value of the timber cut. Additionally, they moved for JNOV as to both the actual and punitive damages alleging neither had been proven. In the alternative, they moved for a new trial absolute.

The trial court found the timber statute was the exclusive remedy for Wimberly's actual damages and reduced the actual damages award to $12,490.92, which was three times the value of the cut timber testified to by Wimberly's witness at trial. The court denied the remaining motions, thereby letting stand the $30,000.00 in punitive damages.

Wimberly appeals the grant of the JNOV as to the actual damages and Respondents appeal the trial court's failure to grant a JNOV as to punitive damages.

## STANDARD OF REVIEW

Although the parties appeal the trial court's decision on a motion for a JNOV, the trial court's decision was based upon the court's interpretation of a statute. The issue of interpretation of a statute is a question of law for the court. *Charleston County Parks & Recreation Comm'n v. Somers,* 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995) (holding the determination of legislative intent is a matter of law). Further, whether the

timber statute creates an exclusive remedy is a novel question of law. Appellate courts are free to decide novel questions of law with no particular deference to the lower court. *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 411, 526 S.E.2d 716, 718–19 (2000).

## LAW/ANALYSIS

Wimberly argues the trial court erred in finding the timber statute is an exclusive remedy. He argues that proceeding under the timber statute is merely one remedy available, and because he proceeded under a trespass cause of action, he could recover all actual and punitive damages. Respondents contend section 16–11–615 is the exclusive remedy by which Wimberly can recover damages caused by the removal of timber from his property. Respondents argue that because the statute is the exclusive remedy, the trial court erred in failing to grant their motion for a JNOV as to punitive damages.[4]

### A.

The main issue in this appeal is whether the timber statute sets forth the exclusive remedy for recovering damages associated with the improper removal of timber or whether a landowner is able to bring additional causes of action. We find the statute does not create the exclusive remedy for all damages associated with the removal of timber.

Section 16–11–615 reads:

In all criminal prosecutions for violation of the provisions of §§ 16–11–520, 16–11–580, and 16–11–10, relating to cutting or destroying timber, the defendant may plead the payment of not to exceed exactly three times the fair market value of the timber as determined by a registered forester and upon the plea being legally established and the payment of all costs accrued at the time of the plea he must be discharged

---

4. Respondents have not appealed the finding that they trespassed on Wimberly's property. Nor do they appeal whether there was sufficient evidence to support the jury's finding of punitive damages. The sole issue raised by either side is the application of section 16–11–615 and whether it is an exclusive remedy for the recovery of damages related to the improper cutting of timber.

from further penalty. If it is necessary to institute civil action to recover the fair market value of the timber, the State, in case of state lands, and the owner, in case of private lands, shall receive damages of not to exceed exactly three times the fair market value of the timber established by a registered forester if judgment is in favor of the State or the owner.

S.C.Code Ann. § 16–11–615 (2003).

■ The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Hawkins v. Bruno Yacht Sales, Inc.,* 353 S.C. 31, 39, 577 S.E.2d 202, 207 (2003). Where the terms of the statute are clear, the court must apply those terms according to their literal meaning. *Paschal v. State Election Comm'n,* 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995).

Section 16–11–615 has only been discussed in one prior case. In *Stroud v. Elliott,* 316 S.C. 242, 449 S.E.2d 261 (Ct.App. 1994), this Court determined the actual damages awarded by the jury for the improper removal of timber were not supported by the evidence and were excessive. While the amount was less than three times the fair market value of the timber, this Court refused to affirm on the additional sustaining ground that section 16–11–615 provides for recovery not to exceed three times the fair market value. The case proceeded under causes of action for trespass and to quiet title, not under the timber statute, and this Court noted the statute was never charged to the jury. *Stroud,* 316 S.C. at 244 n. 1, 449 S.E.2d at 262 n. 1 (Section 16–11–615 provides that where an owner of private land brings an action to recover the fair market value of timber, the owner 'shall receive damages of not to exceed exactly three times the fair market value of the timber.' The trial court, however, did not charge this code section to the jury.). The issue of whether the statute provided the exclusive remedy for damages associated with the wrongful harvesting of timber was not addressed in *Stroud.*

We must look to the language of the statute itself for guidance. The statute is found within a section of the code addressing criminal trespass and the unlawful use of property. It allows a criminal defendant to be discharged from further penalties under a plea if the defendant pays the harmed

landowner an amount of damages not to exceed three times the value of the cut timber. The statute also provides that a landowner can institute a civil action to recover up to three times the value of the cut timber. S.C.Code Ann. § 16–11–615 (2003).

Although the timber statute provides that a landowner may institute a civil action to recover up to three times the fair market value of the timber cut, a clear reading of the statute does not prohibit a landowner from recovering other types of damages. Nothing in the statute provides that it is the exclusive remedy for all kinds of damages. The plain language of the statute clearly limits the damages only in a civil action to recover the fair market value of the timber . . . under the statute.

The action in the current case involved more than merely the recovery of the fair market value of the timber. Proceeding under a cause of action for trespass, Wimberly provided evidence of damage to the value of the hunting lease and damage to the fair market value of the property as a whole, in addition to the loss of the fair market value of the timber. While his recovery of damages for the timber may be limited to three times the fair market value of the timber removed, the statute does not express an intent by the Legislature that all damages resulting from that removal be capped at three times the fair market value.

Respondents argue, however, that the Legislature clearly intended the timber statute to be a cap on all types of damages emanating from the wrongful harvesting of timber. Respondents cite to the South Carolina Tort Claims Act [5] as an example of a statute wherein the Legislature created an exclusive remedy and a cap on damages. With certain specified exceptions, the Tort Claims Act provides the *exclusive* civil remedy available for *any* tort committed by a governmental entity, its employees, or its agents except as provided in § 15–78–70(b). S.C.Code Ann. § 15–78–20(b) (Supp.2003) (emphasis added). With some exceptions, the Tort Claims Act limits the amount of damages recoverable for any claim to $300,000. S.C.Code Ann. § 15–78–120(a)(1) (Supp.2003). As the statute specifically notes that it is the exclusive remedy for

---

5. S.C.Code Ann. §§ 15–78–10 to 200 (Supp.2003).

any tort committed by a governmental employee, Respondents are correct that the Legislature intended to create an exclusive remedy under the Tort Claims Act, and the exclusive remedy contains a cap on recovery. However, the language of section 16–11–615 does not contain similar exclusivity language. Accordingly, Respondents' argument is without merit.

Further, Wimberly specifically waived his action under the timber statute before the trial began and proceeded only on a claim for trespass. As in *Stroud*, the timber statute was not charged to the jury. Because we find the Legislature did not express an intent to make the timber statute the exclusive remedy to recover all types of damages associated with the loss of timber, we also find that we cannot bind a party to restrictions found therein if the case did not proceed under the statute.

To restrict Wimberly's recovery to $12,490.92, when there is evidence in the record of damages in excess of the $33,000.00 in actual damages found by the jury, would supplant the existing common-law right to recover for all damages associated with another's wrongdoing. The Legislature is presumed to enact legislation with reference to existing law, and there is a strong presumption that it does not intend by statute to change common-law rules. *Hoogenboom v. City of Beaufort,* 315 S.C. 306, 318 n. 5, 433 S.E.2d 875, 884 n. 5 (Ct.App.1992) (citing *Columbia Real Estate & Trust Co. v. Royal Exch. Assurance,* 132 S.C. 427, 128 S.E. 865 (1925)). A statute is not to be construed as in derogation of common-law rights if another interpretation is reasonable. *Id.*

We find the Legislature did not intend to eliminate the common law right to collect all damages associated with a wrong. Instead, the Legislature intended to set forth a means for a landowner to recover the fair market value of timber wrongfully harvested in violation of the criminal statute. The plain language of the statute does not prohibit the landowner from also recovering for the other damages that naturally flow from the wrongful harvesting of timber. As such, we find the trial court erred as a matter of law in reducing the amount of actual damages to exactly three times the value of the timber pursuant to section 16–11–615. As the claim proceeded to the jury on a cause of action for trespass, the jury properly

awarded actual damages to reflect all damages causally related to the trespass onto Wimberly's property.

### B.

Additionally, we find the trial court properly denied Respondents' motion for JNOV as to the punitive damages.

Punitive damages may be awarded for trespass when a defendant's acts have been willful, wanton or in reckless disregard of the rights of another. *Fox v. Munnerlyn,* 283 S.C. 490, 493, 323 S.E.2d 68, 69 (Ct.App.1984). The purposes of punitive damages are to punish the wrongdoer and deter the wrongdoer and others from engaging in similar reckless, willful, wanton, or malicious conduct in the future. *Clark v. Cantrell,* 339 S.C. 369, 378, 529 S.E.2d 528, 533 (2000). Trial courts should conduct a post-trial review of punitive damages to determine whether the award of punitive damages was proper. *Gamble v. Stevenson,* 305 S.C. 104, 111–12, 406 S.E.2d 350, 354 (1991) (Hereafter, to ensure that a punitive damage award is proper, the trial court shall conduct a post-trial review and may consider the following: (1) defendant's degree of culpability; (2) duration of the conduct; (3) defendant's awareness or concealment; (4) the existence of similar past conduct; (5) likelihood the award will deter the defendant or others from like conduct; (6) whether the award is reasonably related to the harm likely to result from such conduct; (7) defendant's ability to pay; and finally, (8) ... 'other factors' deemed appropriate.). The trial judge has considerable discretion regarding the amount of damages both actual or punitive awarded. *Kuznik v. Bees Ferry Assoc.,* 342 S.C. 579, 611, 538 S.E.2d 15, 32 (Ct.App.2000), cert. dismissed, (Jan. 7, 2004).

In denying the Respondents' motion for JNOV as to the punitive damages, the trial court considered the evidence presented at trial and the *Gamble* factors. Evidence at trial indicated that Wimberly or hunters leasing his property informed Barr several times regarding the location of the property line. Wimberly requested that Barr obtain a survey to insure his property would not be harmed, but Barr did not want to incur the expense. Barr informed the loggers that they should not clear the land near the road or flags. When

informed that the loggers were clearing land where they were instructed not to, Barr's wife arrived at the site and informed the loggers to cease logging on Wimberly's property. The loggers ignored Mrs. Barr's instructions and continued to harvest timber from Wimberly's property.

We find there was evidence that Respondents' actions were willful, intentional, and in disregard of Wimberly's rights. Thus, the trial court did not abuse its discretion in denying Respondents' motion for JNOV as to punitive damages.

## CONCLUSION

Because section 16–11–615 does not provide a cap on all damages emanating from the wrongful harvesting of timber, the trial court erred in reducing the amount of the actual damages award to three times the fair market value of the timber wrongfully harvested. The jury's original actual damages award shall be reinstated. The trial court did not err in affirming the jury's award of punitive damages. Accordingly, the decision of the trial court is

**AFFIRMED IN PART AND REVERSED IN PART.**

HUFF and STILWELL, JJ., concur.