## 18837

Mitchell G. LEE, Appellant, v. Edmond C. LEE and American Fire and Casualty Company, Respondents

(164 S. E. (2d) 308)

534

*Messrs. Hyman, Morgan & Brown* and *E. Lee Morgan,* of Florence, *for Appellant,* 

*Messrs. George W. Keels* and *Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Respondents,* 

November 12, 1968.

BUSSEY, Justice.

The respondent, Edmond C. Lee, was appointed general guardian for appellant, Mitchell G. Lee, by the Probate Court of Florence County, April 15, 1950, and served as such until June 4, 1960. The respondent, American Fire and Casualty Company, was surety on the guardian bond. Action was instituted by the appellant, his complaint alleging that during the period above mentioned the guardian, Edmond C. Lee, received funds for which he did not account and charged commissions to which he was not entitled. Judgment was prayed against both respondents in the sum of $13,475.91. The respondents answered, alleging that a full accounting had been made; that appellant upon attaining his majority had receipted in full for all funds found due upon accounting, and that a discharge by the Probate Court of Florence County was a bar to appellant's right to maintain the action.

Upon motion of respondents, the presiding judge issued an order holding that the action was an equitable one and referring it to the Master in Equity for Florence County, the appeal being from such order.

The exceptions of the appellant are three in number, but his basic contention is that his action is one at law "for the recovery of money only" and that, accordingly, he is entitled to a jury trial by virtue of Code Section 10-1056, which contains, *inter alia,* the following provision, "An issue of fact in an action for the recovery of money only * * * must be tried by a jury; * * *."

As against the guardian, it is, we think, well settled that the nature of the action is equitable and the cause was properly referable under the provisions of Code Section 10-1402. While the appellant alleges a specific sum of money to be due and seeks to recover such, other allegations of the complaint, of necessity involve and require a full accounting by the guardian, although such is not specifically prayed for.

The complaint sets forth twenty-three items, totaling the sum of $6,134.20, allegedly misappropriated by the guardian. It is alleged that interest in the amount of $10,094.77, received from five different sources by the guardian, over a ten year period has not been accounted for, and that the guardian collected fees in the amount of $1,300.00, to which he was not entitled.

In 19 Am. Jur., Equity, Sec. 165, we find the following:

"Lord Coke stated (4 Institute 84) that trusts were within the jurisdiction of the court of chancery; * * *. However this may have been, it is held at the present time that courts of equity may take cognizance of cases involving trusts and furthermore that equity jurisdiction thereover is exclusive.

"The existence of a remedy at law in the form of an action for money had and received does not preclude a creditor from suing in equity where the money was received by the debtor as trustee for the plaintiff."

The foregoing language has been previously quoted with approval by this court, at least in part, in *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873, and in *Epworth Orphan-*

*age v. Long,* 199 S. C. 385, 19 S. E. (2d) 481, in which last cited case the court said, "Trusts have long and broadly been a field for the jurisdiction of equity."

Numerous decisions of this court are in accord with the proposition that equity has jurisdiction "where a fiduciary relation exists between the parties, and the duty rests upon the defendant to render an accounting." *Devereau v. Mc-Crady,* 46 S. C. 133, 24 S. E. 77; *Smith v. Union Central Life Ins. Co.,* 112 S. C. 356, 99 S. E. 830; *Farley v. Matthews,* 168 S. C. 294, 167 S. E. 502; *Jefferies v. Harvey,* 206 S. C. 245, 33 S. E. (2d) 513.

Appellant's contention that his action is one at law is, we think, without merit. What his complaint in essence seeks is a proper accounting by the guardian and a judgment against both guardian and surety to the extent of any proved defalcation on the part of the guardian, any liability of the surety being dependent upon the liability of the guardian being established. His alleged cause of action being one that is essentially equitable in nature, his prayer for recovery of a specific sum of money does not change the action to one at law "for the recovery of money only."

We find no error, and the judgment of the lower court is, accordingly.

Affirmed.

Moss, C. J., Lewis and Brailsford, JJ., concur.

Littlejohn, Associate Justice, did not participate.