20493

Boyce L. BENJAMIN on behalf of himself and all others similarly situated, Appellant, v. The SOUTH CAROLINA NATIONAL BANK OF CHARLESTON, The South Carolina National Bank of Charleston, as Trustee of The South Carolina National Bank Employees' Profit Sharing Plan and Trust, and T. C. Cleveland, Jr., or his successor as Secretary of the Advisory Committee of The South Carolina National Bank's Profit Sharing Plan, Respondents.

(237 S. E. (2d) 72)

*Dobson & Dobson,* of Greenville, *for Appellant,*

*Rainey, McKay, Britton, Gibbes & Clarkson,* of Green-ville, *for Respondents,*

August 16, 1977.

Per Curiam:

Boyce L. Benjamin, appellant, commenced this action on behalf of himself and all others similarly situated to recover the vested portion of his benefits under the profit sharing plan of the South Carolina National Bank of Charleston (SCN). The institution of the suit followed the decision of *Almers v. South Carolina National Bank of Charleston,* 265 S. C. 48, 217 S. E. (2d) 135, in which it was held that the provision in SCN's profit sharing plan, requiring that an employee's vested interest in the plan be forfeited upon his acceptance of competitive employment, was invalid because it contained no "reasonable time and geographic limitations" upon its operation.

The parties representing SCN demurred to the complaint on the grounds that the action is not maintainable as a class action under Section 15-5-50 of the 1976 South Carolina Code, and that class certification would produce improper joinder of separate and distinct causes of action under Code Section 15-15-10. The lower court sustained the demurrer and this appeal is from that order.

The following excerpt from the lower court's order pertains to the appellant's contention that the action can be brought under the "common fund" theory of class actions and is appropriately reproduced here:

"The plaintiff contends that the *Almers* case decided the common legal issue in the claims of all members of the class, to wit, the validity of the forfeiture clause, and all that remains is an accounting of the individual forfeited interests of each member. It was asserted that this class action could be upheld under the 'common fund' theory of class actions as described in a recent law review article on 'State Class

Actions' found in Volume 27 S. C. L. Q. 87, 100. The contention, of course, presupposes the existence of a 'common fund' in which all members of the class have an interest. Typical cases in which the South Carolina Supreme Court has upheld class actions of this type are *Powell v. Gray* [*Gary*], 200 S. C. 154, 20 S. E. (2d) 391 and *Ex Parte Rowley*, 200 S. C. 174, 20 S. E. 283 [20 S. E. (2d) 383], in which the classes were policyholders of an insurance company . . . having interest in safeguarding . . . a specific fund . . . .

"In the case at bar, however, there is no 'common fund' in which each member of the purported class can claim an interest. In the plaintiff's complaint . . ., he, individually, seeks recovery of the vested portion of the contribution made by the South Carolina National Bank of the profit sharing plan during the years of his employment and 'allocated to his account and for his benefit.' Presumably, each other member of the class would, likewise, be seeking the recovery of his or her individual account in the profit sharing plan. It also appeared during the arguments that, as is the case with most profit sharing plans, at the end of each plan year, forfeited accounts during such year were reallocated to the remaining participants in the plan. And, of course, as time passes since the reallocation of a forfeited account, it would be disbursed by the trustee as the plan participants retired or otherwise became entitled to and received the funds in their accounts. Therefore, not only is there no specific fund which the plaintiffs can seek recovery of as a class, but in fact, it appears that each individual forfeited interest has been reallocated among all the remaining participants' individual accounts and undoubtedly some part of it (a great part in the case of older claims) has been paid out and is no longer held by the trustee."

Therefore, in the instant case there is no common claim for relief in reference to a specific fund. As pointed out by the lower court, each member of the proposed class is seek-

ing only to recover his or her individual account in the profit sharing plan. The common fund theory is inapplicable to the instant case.

In oral argument, appellant asserted that his suit was also maintainable as a class action under the authority of *Black v. Simpson,* 94 S. C. 312, 77 S. E. 1023, which has been referred to as an example of a class action based on a prior legal or organizational bond. See Note, State Class Actions, 27 S.C.L.Q. 87, 99. In *Black,* joinder was allowed because the defendant, a corporate officer, had breached his fiduciary duty to the shareholders of a corporation by the execution of a fraudulent scheme to acquire control, and all of the plaintiff shareholders were interested in the relief of an accounting. The court observed: "Hence the joinder is allowed by Section 166 of the Code of Procedure [Present Section 15-5-20], which provides that 'all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs.' " 77 S. E. at 1025. Every breach of the fiduciary relationship was a wrong to each shareholder and each had an interest in the matter or thing concerning which the action was brought.

In the instant case there is no breach of a fiduciary duty owed to all the members of a class. Each sues for an individual recovery based on a legal right arising from forfeited rights under a provision of his contract which was declared to be invalid under the law. *Black v. Simpson* is inapplicable to the instant case and, as previously discussed, there is no common fund in relation to which each member of the proposed class is seeking common relief. This suit may not proceed as a class action.

The lower court's order recognizes several practical reasons supporting this required disposition and these comments are reproduced below:

"The basis of the plaintiff's claim and that of the other alleged members of the class is the forfeiture of their re-

spective interest in the defendant's Profit Sharing Plan. This is obviously going to be a substantial amount of money in most cases. It would be practical for any claimant to bring his own suit, and in fact, it may be preferable in the case of substantial interests like this since the claimants would be able to choose their own attorneys and their own time and forum in bringing their suits. The claims of the individual members of this class also appear to be separate and distinct causes of action and may be subject to separate defenses depending on the facts and circumstances of each case. For example, the plaintiff's forfeiture occurred in December of 1975 and his suit would appear to be timely. However, claims brought long after the forfeited account had been reallocated at other participants and distributed in whole or in part may be barred by the statute of limitations or perhaps even earlier under the doctrine of laches since it would appear to be incumbent upon such claimants to bring these claims promptly so as to minimize any injustice to the remaining participants and other parties involved."

The exceptions are accordingly overruled and the judgment of the lower court is affirmed.