21904

Emma Sue MILLER, on behalf of herself and all other persons similarly situated, Appellants, v. BORG-WARNER ACCEPTANCE CORPORATION, Respondents.

(302 S. E. (2d) 340)

*Edward L. Bailey,* Spartanburg, *for appellants.*

*F. Marion Hughes* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

April 20, 1983.

LITTLEJOHN, Justice.

This appeal is from the order of the trial court sustaining defendant-respondent Borg-Warner Acceptance Corporation's (Finance Co.) Demurrer to plaintiff-appellant Emma Sue Miller's (Borrower) Amended Complaint alleging both an individual action and a class action. We reverse.

Defendant Finance Co. is a lending institution primarily engaged in the business of providing indirect consumer financing. Plaintiff Borrower was a customer of the Finance Co. Her Amended Complaint alleges that the Finance Co. violated §§ 37-2-203 and 37-3-203 of the *Code of Laws of South Carolina*

(1976), as amended, in its method of assessing delinquency charges and by charging an amount more than that allowed statute.

The Complaint contains two causes of action referred to therein as Count I and Count II. In Count I, the Borrower seeks return of charges alleged to be wrongful, plus a statutory penalty for each alleged violation.

In Count II, which is a class action, there are two classes of claimants. Class I consists of those persons who have allegedly had delinquency fees assessed against them in an unlawful manner. Class II is made up of those persons who have allegedly been charged a delinquency fee in an amount greater than that allowed by statute. Only return of alleged illegal charges is sought in Count II.

Common to both counts is the overall relief sought by paragraph (e) of the Prayer for Relief, which reads as follows:

> (e) That judgment be entered on behalf of Plaintiff and Classes I and II and against Defendant on Count II enjoining Defendant from further violations of sections 37-2-203 and 37-3-203 of the Code of Laws of South Carolina (1976) in the manner described in this Amended Complaint;

We consider the action as one primarily equitable in nature with damage claims as ancillary to the main action. Neither the named Borrower nor any of those who form the two classes have more than comparatively small claims. The main thrust of the proceeding is to put a halt to the actions of the defendant alleged to be illegal.

The Finance Co. demurred to the Borrower's Amended Complaint on the grounds that:

> (1) The Borrower has no legal capacity to maintain this action as a class action under § 15-5-50 of the Code, in that the actions do not affect the rights of other parties as contemplated by § 15-15-10.

> (2) The Amended Complaint improperly unites several causes of action which do not affect all of the parties as contemplated by § 15-15-10 in that punitive damages are sought within a class action and such are prohibited by § 37-5-202(3).

> (3) The Amended Complaint does not state facts suffi-

cient to constitute a cause of action in that the Borrower attempts to state a cause of action for punitive damages in conjunction with the recovery of excessive charges and such is prohibited by § 37-5-202(3).

Although the Demurrer speaks in terms of punitive ■ damages, none are actually sought. Statutory penalties are not equated with punitive damages although of a kindred nature.

The trial judge, in sustaining the Demurrer, held that the actions (Count I and Count II) may not be joined, relying primarily on *Long v. Seabrook,* 206 S. C. 562, 197 S. E. (2d) 659 (1973); *Sons v. Federal Land Bank of Columbia,* 170 S. C. 548, 171 S. E. 35 (1933); *Hellams v. Switzer,* 24 S. C. 39 (1885); and *Benjamin v. South Carolina National Bank,* 269 S. C. 250, 237 S. E. (2d) 72 (1977).

The Demurrer, the Order of the trial judge, and the ■ Brief of the Respondent attempt to deal with matters not properly before the Court by way of Demurrer. A pleading may be attacked by a demurrer on limited grounds as set out in Code § 15-13-320. The only real issue before the trial court and before this Court is whether the two causes of action may be joined in one complaint. We are of the opinion that either cause of action standing alone would be proper. Two causes of action are stated. And further, we are of the view that they are causes of action which may be joined under § 15-15-10 of the Code. These come under subsection (1) of Code § 15-15-10, in that they arise out of "the same transaction or transactions connected with the same subject of action."

Most of the objections which counsel for the Finance Co. argues involve an inappropriate attack by way of demurrer.

If any reason exists as to why the case should not proceed as a class action, it does not appear on the face of the complaint. We are of the opinion that the trial court erred in sustaining the Demurrer and, accordingly,

Reverse and remand.

Lewis, C. J., and Ness, Gregory and Harwell, JJ., concur.