23334

Daryl GARDNER, individually and for the benefit of, and on behalf of, the class of all others similarly situated, Appellant v. NEWSOME CHEVROLET-BUICK, INC., Respondent; and Debra PRIOLEAU, individually and for the benefit of, and on behalf of, the class of all others similarly situated, Appellant v. NEWSOME TOYOTA, INC., Respondent.

(404 S.E. (2d) 200)

Supreme Court

*Thomas H. Curlee, Jr.*, of *Lourie, Curlee, Barrett & Popowski*, Columbia, *for appellants.*

*James C. Cox, Jr.*, of *Saleeby, Cox & Bledsoe, P.A.*, Hartsville, and *Robert W. Foster, Jr.*, of *Nelson, Mullins, Riley & Scarborough*, Columbia, *for respondents.*

*J. Reese Daniel,* Columbia, *for amicus curiae, S.C. Auto. and Truck Dealers Ass'n.*

Heard June 1, 1990; Decided Feb. 4, 1991.

Rehearing Denied April 24, 1991.

FINNEY, Justice:

Appellant Daryl Gardner appeals the trial court's denial of his motion for class action certification.[1] We reverse.

Appellant purchased a vehicle from respondent Newsome Chevrolet-Buick, Inc., and paid, as part of the purchase price, ninety-nine and 50/100 ($99.50) dollars, identified on the contract of sale as a "closing fee." Appellant filed suit against respondent, alleging the commission of an unfair act in charging the fee, in violation of § 56-15-30 of the South Carolina Code of Laws (1976). Appellant filed a motion to have his action maintained as a class action, pursuant to Rule 23(a), SCRCP, claiming he is entitled to join in this action all other parties who purchased vehicles from the respondent and were charged the $99.50 "closing fee."

Respondent filed motions to dismiss, pursuant to Rules 12(b)(6), (b)(1) and 23(a), SCRCP, on the grounds that the complaint failed to state a cause of action and that the court lacked subject matter jurisdiction because the amount in controversy did not exceed one hundred ($100) dollars for each member of the class as required by Rule 23(a).

The trial judge denied respondent's motion to dismiss under Rule 12(b)(6), holding that a cause of action had been stated. The trial court denied appellant's motion for class action certification on the ground that the amount in controversy for each member of the class did not exceed one hundred dollars. This appeal followed.

South Carolina Rules of Civil Procedure list the following prerequisites for class action certification:

---

[1] Appellant Debra Prioleau instituted a civil action against Respondent Newsome Toyota, Inc., and filed a motion to certify a class pursuant to Rule 23, SCRCP. Both appellants are represented by the same legal counsel. The respondents are represented by the same legal counsel. By agreement of counsel and the trial court, the two motions for class action certification were heard together. The appeals were consolidated by agreement of this Court and counsel.

One of members of a class may sue or be sued as representative parties on behalf of all only if the court finds (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class, and (5) in cases in which the relief primarily sought is not injunctive or declaratory with respect to the class as a whole, the amount in controversy exceeds one hundred dollars for each member of the class.

Rule 23, SCRCP.

The trial court held that the appellant had met all the class certification requirements of Rule 23 except the "amount in controversy." The trial court determined that $99.50 was the "amount in controversy" and was not sufficient for class action certification.

The phrase "amount in controversy" as stated in Rule 23(a)(5) is not defined under either the South Carolina Rules or statutes, and we find no South Carolina case law which addresses this phrase.

Since our Rules of Procedure are based on the Federal Rules, where there is no South Carolina law, we look to the construction placed on the Federal Rules of Civil Procedure. *See* H. Lightsey & J. Flanagan, *South Carolina Civil Procedure*, (2d ed. 1985). In the present case, we are solely concerned with the interpretation of the phrase "amount in controversy."[2] We find persuasive the rule set forth by the

---

[2] The note to Rule 23 states:

Subsection (5), which requires that when money damages are the primary relief sought, each class member have a claim exceeding one hundred dollars is new. It is intended to limit class actions when the amount sought may be small in comparison with the cost incurred in the litigation. Although not stated in the federal rules, a similar requirement exists when jurisdiction is based upon diversity of citizenship, for then each member of the class must meet the jurisdictional amount, *Zahn v. International Paper Co.*, 414 U.S. 291 [94 S. Ct. 505, 38 L. Ed. (2d) 511] (1973). Present state practice permits a class action where the relief sought is primarily equitable, even though small monetary damages are sought. *Miller v. Borg Warner Acceptance Corp.*, 279 S.C. 90, 302 S.E. (2d) 340 (1983).

United States Supreme Court for determining the "amount in controversy."[3]

> The rule governing dismissal for want of jurisdiction, in cases brought in the federal court is that, unless the law gives a different rule, *the sum claimed by the plaintiff controls* if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 [58 S. Ct. 586, 590, 82 L. Ed. 845] (1938). [Emphasis added.]

The federal court test of jurisdiction respecting the amount in controversy is the value of the object to be gained by the suit. *Swan Island Club v. Ansell*, 51 F. (2d) 337 (4th Cir. 1931). In the present case, appellant's suit in damages is brought pursuant to S.C. Code Ann. § 56-15-110 (1976), which mandates the court to double actual damages as a statutory award to a prevailing plaintiff. The law mandates that appellant would receive double the actual damages ($99.50). Thus, the amount to be gained by suit is one hundred ninety-nine ($199) dollars. In determining the amount in controversy, we hold that punitive damages and attorney fees shall not be considered.

We find that appellant's claim, pursuant to § 56-15-110, meets the requirement that money damages sought exceed the amount of one hundred dollars for each member of the class. Accordingly, the ruling of the trial court is reversed.

Reversed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.

---

[3] We acknowledge that Federal Rule 28 U.S.C. § 1332(a) deals with diversity jurisdiction, but we are only concerned with the federal interpretation of "amount in controversy."