1999

James B. GODFREY, III, Respondent v. James W. HELLER, Jr.,
and Heller & Associates, Inc., Appellants.

(429 S.E. (2d) 859)

Court of Appeals

*James C. Rushton, III*, of *The Hyman Law Firm*, Florence, *for appellants.*

*Charles E. Luther, Jr.*, of *Swearingen & Luther*, Florence, *for respondent.*

Heard March 16, 1993.

Decided April 19, 1993.

LITTLEJOHN, Acting Judge:

James B. Godfrey commenced this action against James W. Heller (Heller), individually and as president of Heller & Associates, Inc. (the Corporation), and against the Corporation, seeking to be declared a shareholder in the Corporation and a determination as to the amount of Godfrey's interest. Heller and the Corporation denied Godfrey was a shareholder. The circuit court referred this matter to a special referee with finality. The parties agreed to bifurcate the hearing so that the special referee could first determine Godfrey's status as a shareholder and, if necessary, then determine the extent of his interest. The special referee held that Godfrey was entitled to an ownership interest in the Corporation and Heller appeals. We affirm and remand.

Godfrey alleged in his complaint that he was entitled to an order declaring he had an interest in the Corporation, requiring Heller to account to the Corporation for sums Heller received from the Corporation, requiring the Corporation to issue shares of stock to Godfrey, and requiring Heller to allow Godfrey access to the records. Accordingly this action is in equity. *See Lee v. Lee*, 251 S.C. 533, 164 S.E. (2d) 308 (1968) (an action for an accounting is in equity); *Miller v. Borg-Warner Acceptance Corp.*, 279 S.C. 90, 302 S.E. (2d) 340 (1983) (an action for injunctive relief is equitable). On appeal, in an equitable action tried by a special referee, the Court of Appeals is able to find facts in accordance with its view of the evidence. *New Hampshire Ins. Co. v. The Bey*

*Corp.,* Op. No. 1960, — S.C. —, — S.E. (2d) — (S.C. Ct. App. filed Mar. 1, 1993) (Davis Adv. Sh. No. 6 at 11). However, the appellant must convince the Court of Appeals that the referee erred in his findings of fact. *Id.* Further, the Court of Appeals is not required to disregard the factual findings of the referee, who saw and heard witnesses and was in a better position to judge their credibility. *Costa & Sons Construction Co., Inc. v. Long,* — S.C. — , 412 S.E. (2d) 450 (Ct. App. 1991).

Prior to 1982, both Godfrey and Heller were employed by Engineering Consultants, a Florence engineering firm, of which Heller owned fifty percent. In 1982, Heller decided to leave Engineering Consultants and spoke with Godfrey concerning the creation of a separate business (the Corporation). There is no dispute that the parties intended at some point in time for Godfrey to acquire up to a twenty-five percent interest in the corporation to be formed. The dispute is over whether this in fact ever occurred.

According to Godfrey, he purchased 25% of the stock in the Corporation in September 1982, when he gave Heller a check for $2,500 made payable to Heller and Associates, Inc. Heller was to contribute $7,500 and would acquire 75% of the stock in the Corporation. In his settlement with Engineering Consultants, Heller received certain equipment which he contributed to the new Corporation. Godfrey and Heller agreed to a value of about $26,800 for the equipment and Godfrey agreed to pay Heller 25% of its value ($6,700), which the parties agreed to reduce to $6,000. This transaction was not connected with Godfrey's acquisition of an interest in the Corporation, but was a "Gentleman's agreement" which Godfrey made with Heller individually. In fact, Heller told Godfrey that payment for the equipment was unnecessary. Although the Corporation used the assets, Godfrey never paid the $6,000 to Heller because they never were able to work out a payment plan.

According to Heller, he contributed $7,500 cash and the $26,800 in equipment towards the Corporation, and Godfrey was to pay 25% of the Corporation's value to acquire a 25% interest. The parties agreed that the total value of the Corporation (including Heller's cash contribution) was $34,300, and 25% of that amount was $8,575. Godfrey's $2,500 check to Heller and Associates, Inc., was a down payment, leaving $6,075 due. Heller agreed to reduce the amount to $6,000. The

incorporation took place in september 1982 and 1,000 shares of stock were issued to Heller. When Godfrey completed paying for the stock, as anticipated, Heller would transfer 25% (or 250) shares to him. However, Godfrey never paid Heller the remaining $6,000 to complete the transaction, so that Godfrey is only entitled to the return of his $2,500, Heller argues.

The special referee stated the following in his order:

> I find that the agreement in September, 1982 between Heller and Godfrey regarding the ownership of Heller & Associates, Inc., was that Godfrey would make an initial cash contribution of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars; that Heller would make a cash contribution of Seven Thousand Five Hundred and No/100 ($7,500.00) Dollars; and, that the parties would meet to determine the value of the assets contributed by Heller at a later time and make arrangements for Godfrey to pay Heller his proportionate share.
>
> It stretches logic to believe that Heller would contribute Seven Thousand Five Hundred and No/100 ($7,500.00) Dollars to the corporate account and then put into the company other assets worth Twenty-Six Thousand Eight Hundred and No/100 ($26,800.00) Dollars and would then be expected to issue twenty-five (25%) percent of the stock in the corporation to Godfrey for the payment of only Two Thousand Five Hundred and No/100 ($2,500.00) Dollars. Conversely, it also stretches logic to believe that Godfrey assumed all he had to do in order to purchase twenty-five (25%) percent of the corporation was pay the sum of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars.
>
> *  *  *  *  *  *
>
> I find that Godfrey paid certain sums to the corporation, worked in and for the corporation, was held out to be a principle of the corporation, but did not pay the full amount for the purchase price of the twenty-five (25%) percent interest in the corporation.
>
> *  *  *  *  *  *
>
> [T]o deny Godfrey an ownership interest in Heller & Associates, in light of the evidence as to his involvement in the company, would result in an unjust enrichment of

Heller. However, to allow Godfrey a twenty-five (25%) percent ownership in Heller & Associates would result in his unjust enrichment as he has not fulfilled his commitments to Heller.

Accordingly, the special referee found that Godfrey established entitlement to an ownership interest in the Corporation, and that the extent of that interest and the value to be placed upon it would be determined in the second hearing.

On appeal, Heller argues Godfrey did not prove a binding contract for him to receive a 25% interest upon the payment of $2,500, and that overwhelming evidence established that Godfrey did not fulfill the terms of any alleged contract for the purchase of 25% of the stock in the Corporation. From our reading of the appealed order, the special referee apparently agreed that Godfrey did not pay all that the parties agreed he would pay to acquire an ownership interest, yet the special referee determined that Heller would be unjustly enriched if Godfrey did not receive some interest in the Corporation. Godfrey did not raise unjust enrichment as a basis for recovery, nor was that theory argued at trial. In his brief Heller mentions this "unjust enrichment" basis for awarding Godfrey an interest, but he never challenged that basis by post-judgment motion. *See Pelican Bldg. Centers v. Dutton*, — S.C. —, —, 427 S.E. (2d) 673, 675–76 (1993) (where an appellant learns for the first time when the appellant receives the order that the respondent would be granted certain relief, the appellant must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment to "preserve the record for appeal."). Furthermore, Heller does not assert error in the special referee's holding Godfrey entitled to an interest on the basis of unjust enrichment, and this unappealed ruling is now the law of this case.[1] *See Resolution Trust Corp. v. Eagle Lake and Golf Condominiums*, — S.C. —, 427 S.E. (2d) 646 (1993) (the failure to appeal a ruling renders the ruling the law of the case); *Hall v. Clarendon Outdoor Advertising, Inc.*, — S.C. —, 428 S.E. (2d) 1 (Ct. App. 1993) (the failure

---

[1] Heller did claim at oral argument that the special referee erred in finding for Godfrey based upon unjust enrichment, and that the finding effectively modified the parties' agreement. However, an appellant may not use oral argument as a vehicle to argue new matters. *Bochette v. Bochette*, 300 S.C. 109, 386 S.E. (2d) 475 (Ct. App. 1989).

to argue against the basis for a trial court's ruling renders it the law of the case). Thus, even if we agreed with Heller (as the special referee apparently did) that Godfrey had to pay the additional $6,000 to acquire a 25% interest in the Corporation, we would affirm the ruling that, to avoid unjust enrichment to Heller, Godfrey is entitled to some undetermined interest, as we are bound by this unappealed ruling.[2]

Accordingly, the judgment is affirmed and the case is remanded for proceedings consistent with this opinion.

Affirmed and remanded.

CURETON and GOOLSBY, JJ., concur.

---

[2] We note further that Godfrey did not appeal the special referee's ruling that allowing him a 25% ownership interest would result in unjust enrichment to Godfrey. He will accordingly be bound by that unappealed ruling in the subsequent hearing to determine the extent of his interest.