THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Laurie L.
 David, Employee, Respondent,
 v.
 Dorchester County School District Two, Employer
 and South Carolina School Boards Insurance Trust, Insurer, Appellants.
 
 
 

Appeal From Richland County
 L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2009-UP-117
 Submitted March 2, 2009  Filed March 5,
2009    

AFFIRMED

 
 
 
 Kirsten Leslie Barr, of Mt. Pleasant, for Appellants.
 J. Leeds Barroll, IV, and John Koon, both of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Laurie David brought this workers' compensation case
 seeking benefits and medical treatment for injuries resulting from a car
 accident.  Dorchester School District Two and South Carolina School Boards
 Insurance Trust (collectively Appellants) argued: (1) most of David's injuries
 were preexisting; and (2) David was disqualified from receiving benefits
 pursuant to section 42-1-560 of the South Carolina Code (Supp. 2007).  The
 single commissioner awarded compensation and held David was not disqualified
 from receiving benefits. The Appellate Panel of the Workers' Compensation
 Commission (Appellate Panel) reversed, holding David was disqualified from
 receiving benefits for failure to comply with section 42-1-560.  The circuit
 court reversed.  Appellants appeal, arguing the circuit court erred in reinstating
 the decision of the single commissioner and remanding the case to the Workers'
 Compensation Commission for any further action consistent with the order of the
 single commissioner.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Pelican
 Bldg. Ctrs. of Horry-Georgetown, Inc.  v. Dutton, 311 S.C. 56, 60, 427
 S.E.2d 673, 675 (1993) (holding where an issue has not been ruled upon by the
 trial judge nor raised in a post-trial motion, such issue may not be considered
 on appeal); In re Timmerman, 331 S.C. 455, 460, 502 S.E.2d 920,
 922 (Ct. App. 1998) ("When a party receives an order that grants
 certain relief not previously contemplated or presented to the trial court, the
 aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the
 judgment in order to preserve the issue for appeal."); Godfrey v. Heller, 311 S.C. 516, 520, 429 S.E.2d 859,
 862 (Ct. App. 1993) (holding where a theory of relief was first raised in lower
 court's order, appellant must challenge this theory with a Rule 59, SCRCP,
 motion). 
AFFIRMED.
 HUFF,
WILLIAMS, and KONDUROS, JJ., concur. 

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.