**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jake E. Cupstid, Respondent/Appellant,

v.

Jimmie D. Fogle, Appellant/Respondent.

Appellate Case No. 2010-161026

———————————

Appeal From Orangeburg County
James C. Williams, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-318
Heard May 9, 2012 – Filed May 30, 2012
Withdrawn, Substituted and Refiled September 5, 2012

———————————

**AFFIRMED**

———————————

Michael P. Horger, Sr., of Horger & Connor, LLC, of Orangeburg, for Appellant/Respondent.

James D. Nance, of Nance, McCants, & Massey, of Aiken, for Respondent/Appellant.

———————————

**PER CURIAM:** These cross-appeals arise from a bench trial awarding damages and a permanent injunction to Jake E. Cupstid in his trespass action against Jimmie D. Fogle. Fogle appeals, arguing the circuit court erred in (1) holding Cupstid is not required to prove he held legal title to the property at issue; (2) failing to find

Cupstid is estopped to claim any interest in the disputed property; (3) permitting Cupstid to present an expert to testify about the law; and (4) awarding Cupstid actual damages, punitive damages, and a permanent injunction. Fogle further maintains the circuit court's clerk of court erred in entering costs before entering the final judgment. Cupstid appeals the amount of actual damages awarded. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to whether the circuit court erred in holding Cupstid is not required to prove he held legal title to the property: *Godfrey v. Heller*, 311 S.C. 516, 520, 429 S.E.2d 859, 862 (Ct. App. 1993) (holding a party failed to preserve an alleged error in an order when the party failed to raise the issue in a Rule 59(e), SCRCP, motion).

2. As to whether the circuit court erred in failing to find Cupstid is estopped to claim that he held title to the disputed property: *Hollis v. Stonington Dev., LLC*, 394 S.C. 383, 406, 714 S.E.2d 904, 916 (Ct. App. 2011) (providing issues must be raised to <u>and ruled upon</u> by the trial court to be preserved for appeal).

3. As to whether the circuit court erred in permitting Cupstid to present an expert to testify about the law: *Bodiford v. Spanish Oak Farms, Inc.*, 317 S.C. 539, 543, 455 S.E.2d 194, 196 (Ct. App. 1995) (holding a surveyor could testify as to an ultimate issue in a trial before a special referee because the surveyor had been ordered to report his findings to the court and the special referee could decide the appropriate weight to give to the testimony); *see also Brown v. Allstate Ins. Co.*, 344 S.C. 21, 25-27, 542 S.E.2d 723, 725-26 (2001) (rejecting a holding by the court of appeals that a trial court committed harmful error in admitting "a potpourri" of inadmissible evidence addressing the ultimate issue in a bench trial because such a rule was "unnecessarily burdensome and would inhibit the trial judge's ability to evaluate the evidence and ascertain the truth"; the appellant failed to make "a sufficient showing the trial judge either affirmatively relied on the incompetent evidence, or could not have reached the same result without relying on the incompetent evidence").

4. As to whether the circuit court erred in granting actual damages, punitive damages, and the permanent injunction because Cupstid failed to prove title: *Cedar Cove Homeowners Ass'n, Inc. v. DiPietro*, 368 S.C. 254, 258, 628 S.E.2d 284, 286 (Ct. App. 2006) ("[A] trespass action is one at law . . . ."); *Townes Assocs. Ltd. v. Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings."); *Gowdy v. Gibson*, 391 S.C. 374, 385, 706 S.E.2d

495, 501 (2011) (noting the circuit court in a bench trial is in a better position than the appellate court to evaluate the credibility of the evidence); *Bodiford*, 317 S.C. at 543 n.1, 455 S.E.2d at 197 n.1 (providing in a boundary dispute that "resort is generally had first to natural boundaries, next to artificial monuments, then to adjacent boundaries, and last to courses and distances," but the rule does not mandate an order of consideration or admissibility; rather, "[t]he rules for determining disputed boundaries . . . are subject to modification depending upon the particular facts of each case," and "[t]he facts of a case may therefore require that an inferior means of location be preferred over a higher means of location").

5.  As to Fogle's argument that the circuit court erred in granting actual damages because section 16-11-615 of the South Carolina Code (2003) limited Cupstid's recovery: *Godfrey*, 311 S.C. at 520, 429 S.E.2d at 862 (holding a party failed to preserve an alleged error in an order when the party failed to raise the issue in a Rule 59(e) motion).

6.  As to Fogle's argument that the circuit court erred in granting punitive damages because Cupstid failed to prove by clear and convincing evidence that Fogle recklessly, willfully, or intentionally invaded Cupstid's rights: *Wimberly v. Barr*, 359 S.C. 414, 423, 597 S.E.2d 853, 858 (Ct. App. 2004) ("Punitive damages may be awarded for trespass when a defendant's acts have been willful, wanton or in <u>reckless</u> disregard of the rights of another."); *see also Joyner v. St. Matthews Builders*, 263 S.C. 136, 139-40, 208 S.E.2d 48, 49 (1974) ("[W]e cannot say that such was not susceptible of a reasonable inference that St. Matthews Builders, or Dent, was proceeding in reckless disregard of, or with a <u>conscious failure to exercise due care</u> as to, plaintiff's property and rights."); *Black's Law Dictionary* 1385 (9th ed. 2009) (defining "recklessness" as "[c]onduct whereby the actor does not desire harmful consequence but nonetheless <u>foresees the possibility and consciously takes the risk</u>").

7.  As to Cupstid's argument that the circuit court erred in awarding $20,000 of actual damages because the trees' replacement cost is the proper measure of damages: *Godfrey*, 311 S.C. at 520, 429 S.E.2d at 862 (holding that a party failed to preserve an alleged error in an order when the party failed to raise the issue in a Rule 59(e) motion).

8.  As to Fogle's argument that the circuit court clerk erred in awarding costs to Cupstid: *Jones ex rel. Jones v. Enter. Leasing Co.–Southeast*, 383 S.C. 259, 268 n.6, 678 S.E.2d 819, 824 n.6 (Ct. App. 2009) (holding an issue was not preserved

for appeal because no new issues may be raised to this court by the appellant in the appellant's reply brief).

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**