**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Paul Curry, Appellant,

v.

Town of Atlantic Beach, Respondent.

Appellate Case No. 2015-001398

———————

Appeal From Horry County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-312
Submitted June 1, 2017 – Filed July 26, 2017

———————

**AFFIRMED**

———————

Randall K. Mullins and Jarrod Elliott Ownbey, both of Mullins Law Firm, PA, of North Myrtle Beach, for Appellant.

Adrianne LaVonne Turner, of Turner Law, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Paul Curry appeals the trial court's order denying declaratory and injunctive relief against the Town of Atlantic Beach (the Town) on the grounds his claims were barred by the doctrine of collateral estoppel and did not present a justiciable case or controversy. On appeal, Curry argues the trial court erred by (1)

holding his claims for declaratory and injunctive relief were barred by the doctrine of collateral estoppel, (2) determining his claims regarding the codification and indexing of the Town's ordinances failed to present a justiciable controversy, (3) failing to award him attorney's fees, and (4) denying his motion to exclude the Town's trial witnesses. We affirm.[1]

1. The issue of whether collateral estoppel bars Curry's claims is not preserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."). Although Curry filed a motion to alter or amend pursuant to Rule 59(e), SCRCP, he sought only clarification regarding which previous court order triggered the trial court's collateral estoppel ruling. Curry did not challenge the merits and application of the ruling. *See In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal."); *Godfrey v. Heller*, 311 S.C. 516, 520-21, 429 S.E.2d 859, 862 (Ct. App. 1993) (holding when a theory of relief was first raised in trial court's order, appellant must challenge this theory with a post-trial motion pursuant to Rule 59, SCRCP, in order to preserve the issue for appellate review).

2. The trial court properly held Curry's claim regarding the codification and indexing of the Town's ordinances was not justiciable because there was no underlying case or controversy. *See Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("Generally, this [c]ourt only considers cases presenting a justiciable controversy."); *id.* ("A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract."); *id.* at 26, 630 S.E.2d at 477 ("If there is no actual controversy, this [c]ourt will not decide moot or academic questions."); *Tourism Expenditure Review Comm. v. City of Myrtle Beach*, 403 S.C. 76, 81, 742 S.E.2d 371, 374 (2013) ("The Uniform Declaratory Judgment[s] Act is not an independent grant of jurisdiction." (alteration by court) (quoting *Brown v. Oregon State Bar*, 648 P.2d 1289, 1292 (Or. 1982))); *id.* ("[I]t is fundamental that the Declaratory Judgments Act does not eliminate the case-or-controversy requirement."); *id.* ("Questions of statutory interpretation, by themselves, do not rise to the level of actual

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

controversy." (quoting *Entergy Nuclear Generation Co. v. Dep't of Envtl. Prot.*, 944 N.E.2d 1027, 1034 (Mass. 2011))).

3.  The trial court properly denied Curry's request for attorney's fees because he was not the prevailing party.  *See Jackson v. Speed*, 326 S.C. 289, 307, 486 S.E.2d 750, 759 (1997) ("Attorney's fees are not recoverable unless authorized by contract or statute."); S.C. Code Ann. § 30-4-100 (2007) ("If a person or entity seeking [injunctive] relief *prevails*, he or it may be awarded reasonable attorney fees and other costs of litigation." (emphasis added)).

4.  As to Curry's motion to exclude the Town's trial witnesses: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address an issue when the resolution of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**WILLIAMS, KONDUROS, and MCDONALD, JJ., concur.**